(33 App. Div. 374.)

### RUBENFELD v. RABINER et al.

(Supreme Court, Appellate Division, First Department. October 21, 1898.)

1. EXCEPTIONS.
    Exception after verdict is unavailing; Code Civ. Proc. § 995, requiring an exception to a ruling to be taken when the ruling is made, except that one to a charge may be taken before verdict.

2. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
    New trial cannot be had for newly-discovered evidence merely tending to impeach or contradict witnesses, and which was also quite accessible.

3. SAME—SURPRISE.
    New trial cannot be had on the ground of surprise, the party not having moved for an adjournment, or leave to withdraw a juror, and reliance not having been placed on statements made by the other side before trial.

Appeal from trial term, New York county.

Action by Samuel Rubenfeld, an infant, by Hermann Rubenfeld, his guardian ad litem, against Meyer Rabiner and another. From a judgment for defendants, entered on direction of the court at trial,

and from an order denying motion for new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Wm. McM. Speer, for appellant.
George W. Schurman, for respondents.

BARRETT, J. This action is for personal injuries. The plaintiff, in his complaint, alleged that the defendants were the owners of a certain horse and wagon, which they used in their business; and that he was run over by this horse and wagon in consequence of the negligence of the defendants' driver. The defendants, in their answer, admitted that they were the owners of a certain horse and wagon, which they used in their business. They denied all the allegations contained in the fourth paragraph of the complaint, with regard to the accident, the negligence of their driver, and the plaintiff's injuries. They then alleged that, if the plaintiff sustained any injuries, as stated in his complaint, they were caused by his own or his parents' negligence, and not by the negligence of the defendants or their servants. Upon substantially these issues, the plaintiff went to trial. The defendants' business was that of bottling mineral waters. It was transacted under the name of the Metropolis Bottling Company, and the company's place of business was at No. 119 Chrystie street, in this city. The plaintiff gave evidence as to the facts of the accident and his injuries. As to the defendants' relation thereto, he contented himself with proving that the name on the wagon in question was "Metropolis Bottling Company," and the street address "No. 119 Chrystie Street"; that the name above the door of 119 Chrystie street was "Metropolis Bottling Company"; that the company's office there was the defendants' office; and that a gentleman in this office, representing himself to be one of the defendants, admitted to one of his (plaintiff's) witnesses that the firm had horses and wagons around the city. One of the defendants, who was called as a witness for the plaintiff, also testified that on the day on which the accident occurred his firm had two horses and wagons, which were being used in the delivery of its goods. The defendants then proved, or rather gave testimony tending to prove, that the driver of the wagon which ran over the plaintiff (one Hirsch) was not in their employ at the time of the accident; that Hirsch was then doing business upon his own account, under an arrangement with the defendants, whereby they sold to him directly their mineral waters, and furnished him with the horse and wagon in question for use in his (Hirsch's) independent business of selling such waters upon his own account, to his own customers. This testimony was not rebutted by the plaintiff, and the learned trial judge, at the close of the case, asked the plaintiff's counsel whether he expected to give any evidence of the character of the employment of Hirsch and his relation to the defendants. To this inquiry the learned counsel replied that the plaintiff had no evidence on that subject further than that which was originally put in. The learned trial judge thereupon directed a verdict for the defend-

ants, holding that upon the uncontradicted evidence the relation of master and servant did not, upon the occasion in question, exist between the defendants and Hirsch. No exception was taken to this ruling, and a verdict for the defendants was accordingly entered as thus directed. There was no objection to this course, and no suggestion or request of any kind was made with regard to the learned judge's action. The jury was then discharged. Thereafter the plaintiff came into court, and formally excepted to the learned judge's rulings. Subsequently he made a motion for a new trial upon the exception so taken; also upon the grounds of surprise and newly-discovered evidence; and also because, as claimed, the verdict was contrary to the evidence, and contrary to the law. This motion was denied, and from the order denying it this appeal is taken. After the denial of the motion the defendants entered judgment against the plaintiff, and from this judgment the plaintiff also appeals.

It is quite evident that the appeal from the judgment cannot be sustained. There is, in fact, nothing to review upon that appeal. An appeal from a judgment brings up for review only the record, and the exceptions taken upon the trial. As the record here is unimpeached, and as no exceptions were taken upon the trial, the judgment must necessarily be affirmed. The exception attempted to be taken after the termination of the trial and the discharge of the jury was not authorized by law. Provision is made in the Code of Civil Procedure (sections 992, 995) for exceptions upon the trial of issues of fact by a court and jury. Section 995 provides that an exception to a ruling must be taken at the time when the ruling is made, unless it is taken to the charge given to the jury. In the latter case it must be taken before the jury have rendered their verdict. There is no provision for an exception after verdict; still less for an exception after the discharge of the jury. The real question here arises upon the appeal from the order denying the motion for a new trial. It is quite clear that the verdict was not contrary to the evidence, nor contrary to the law. Upon the evidence as it stood when the case was closed, there was nothing to be done save what was done. The evidence negativing the relation of master and servant between the defendants and Hirsch was uncontradicted, and the court was not even asked to submit to the jury the credibility of the defendants' witnesses on that head. Nor was the plaintiff entitled to a new trial upon the ground of newly-discovered evidence. The affidavits show that this evidence tended merely to impeach or contradict the defendants' witnesses. But they also show that even this evidence was quite accessible. The plaintiff's counsel looked for it just as soon as he saw the necessity for having it, and it was immediately and readily procured. There can be no doubt, however, that this evidence, if at hand upon the trial, would have sufficed to prevent the direction of a verdict. It tended to rebut the defendants' testimony, and to discredit the statements of their witnesses. One, at least, of the newly-discovered witnesses deposed that mineral waters as to which Hirsch claimed ownership were purchased by his employer not from Hirsch, but from the Metropolis Bottling Company. He also deposed that payments for these waters were made to this company,

and that he never saw Hirsch take any money in payment therefor. Thus, if the plaintiff had brought himself within the rules which govern with regard to applications for new trials upon the ground of surprise, he showed enough to invoke a favorable exercise of discretion. That is, he showed that, if he had had any notice or intimation of the defense to which the defendants' testimony was addressed, he might have come into court prepared with evidence which would at least have required the submission of the question of fact as to Hirsch's agency to the jury. That he was surprised by the testimony adduced by the defendants is quite probable. And that surprise was entirely natural. While the testimony given by the defendants may have been admissible under the pleadings, it was not testimony that a practitioner of ordinary prudence could have anticipated. The defendants had admitted in their answer the ownership of a horse and wagon as averred in the complaint. They had apparently denied only the negligence of their servant with regard to the driving of such horse and wagon. And yet, analytically considered, the denial doubtless covered the agency as well. Almost any one, however, even the most skilled in the profession, might have been deceived by the form and tenor of such an answer. There was no affirmative plea as to the arrangement with Hirsch,—nothing to call the plaintiff's attention to the defense really contemplated on that head. If the plaintiff's counsel, upon the offer of the defendants' evidence, or after it was put in, had made known his predicament to the learned judge, doubtless he would have been relieved. An adjournment might have been granted, or leave given to withdraw a juror. But nothing of the kind was requested. There was no suggestion of surprise. The counsel relied upon his affirmative proof, and seemingly took his chances upon the ruling of the court. The rule is well settled that a plaintiff who is surprised by evidence which he is not prepared to rebut should move for an adjournment or leave to withdraw a juror; otherwise he is not entitled to a new trial on the ground of surprise. Baylies, New Trials, § 531, and cases there cited; Messenger v. Bank, 6 Daly, 190; Soule v. Ousterhoudt, 20 Wkly. Dig. 67; Glendening v. Canary, 5 Daly, 489, affirmed 64 N. Y. 636. It is true that this rule is not inflexible,—as where reliance is placed upon statements made by the defendant's counsel before the trial. Unfortunately for the plaintiff, however, nothing whatever is here shown to justify a departure from the general rule. It is true that the plaintiff's attorney was informed by one of the defendants prior to the trial that their defense would be that the injuries sustained by the plaintiff were caused by the act of a furniture van and the child's own negligence. No statement, however, was made upon the subject of their relations with Hirsch, nor did they avowedly limit their defenses to those disclosed. The plaintiff's counsel was certainly not prevented by any statement of the defendants from at least proclaiming his surprise upon the trial, if, in fact, he was then surprised. As we have seen, he did not except to the ruling of the court. Apparently he submitted to it. He did not ask for time to look into the facts which he now says were such a complete surprise to him, or to make inquiry as to their truth. We are constrained,

therefore, upon this record, to say that he has not brought himself within the rule to which reference has been made, nor within any known exception to that rule.

It follows that the order denying the plaintiff's motion for a new trial was correct, and should be affirmed, with costs. The judgment must also be affirmed, with costs. All concur.

