(89 App. Div. 470.)

### MERRITT v. MAYFIELD et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. ACTIONS—NEW TRIAL—APPEAL—SURPRISE.

In an action to rescind a contract for the exchange of properties for fraud, the complaint did not allege fraud on the part of M., nor that the title to the property transferred to plaintiff was held by M. as a dummy for defendant W. When the case was moved for trial, M.'s attorney requested a postponement on the ground that M. was ill, but the postponement was denied. Proof introduced tended to show that M. held the title to the property as a dummy for W., and that M. so conducted herself as to falsely induce plaintiff to believe she was a widow. At the close of the evidence the court remarked that it did not see that M. was interested in the transaction, whereupon her attorney moved to dismiss as to her. The court then asked whether defendant W. desired M.'s evidence,

and on receiving a negative reply the proof was closed. The court them denied the motions to dismiss, and rendered judgment against all of the defendants finding that W. was the party actually interested, and that W. and M. had committed a fraud on plaintiff, etc. *Held*, that M. was entitled to a new trial on the ground of surprise on affidavits denying that she held title to the property for the benefit of W., and that she ever made any representations to plaintiff as to her widowhood.

2. DEED—ACTION TO SET ASIDE—MARRIED WOMAN—FRAUD OF HUSBAND.

Where, in an action to set aside conveyances made pursuant to a contract for the exchange of properties, for fraud, there was no evidence that defendant E., to whom property received by defendant M. from plaintiff was conveyed, had any knowledge, actual or constructive, of the dealings between plaintiff and her husband, or M., who was her husband's sister, either before or after the contract was entered into, a finding that E. took the conveyance pursuant to the terms of the agreement, with knowledge that the conveyance to M. was obtained through fraudulent representations of her husband, and to cover and conceal his interest in the property, was erroneous.

Appeal from Trial Term, Nassau County.

Action by Susannah Merritt against Ella Mayfield and others. From a judgment in favor of plaintiff, and from an order denying defendants' motion for a new trial, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Joseph A. Burr, for appellants Wiedersum.
Thomas P. Mulligan, for appellant Mayfield.
James P. Niemann, for respondent.

HOOKER, J. This action, based upon misrepresentation and fraud, was brought to procure the rescission of a contract of exchange of properties entered into by the plaintiff and the defendant Mayfield, and the annulment and avoiding of certain transfers made by them, pursuant to the terms of the contract, and for a decree directing the defendant Mayfield to repay to the plaintiff the sum of $1,600 received by her as part of the consideration moving to her under the terms of that contract. The trial resulted in a decision in plaintiff's favor, upon which a judgment was entered annulling the contract and the conveyances referred to, and directing the defendants Mayfield and Philip H. F. Wiedersum to pay to the plaintiff the sum of $1,600 demanded in the complaint. That pleading alleged that defendant Mayfield was the owner of the premises conveyed to the plaintiff under the terms of the contract, and alleged the misrepresentations and fraud to have been made by the defendant Philip H. F. Wiedersum. When the case was moved for trial, the attorney for the defendant Mayfield asked for a postponement of the trial on the ground that his client was ill, and there seems to be no dispute of the fact that at that time she was physically incapacitated from attending the trial. The application, however, was denied, and the issues were tried. Although the allegations of the complaint were silent upon the subject, the plaintiff's proof tended to show that the defendant Mayfield was holding in her name the title to the property covered by the agreements in the contract as a "dummy" in behalf of the defendant Philip H. F. Wiedersum, and also tended to show

that at the time Wiedersum was negotiating with the plaintiff for the exchange the defendant Mayfield so conducted herself as to corroborate certain statements of his relative to the widowhood of defendant Mayfield. It was made to appear by the evidence of the plaintiff's witnesses that she (Mrs. Mayfield) was not a widow. At the close of the case the attorney for the defendant Wiedersum stated to the court that he had no further evidence to introduce, except, in case any further testimony should be required, he desired to have the evidence of the defendant Mayfield taken by deposition. The court replied, "I have not heard yet that she has the slightest thing to do with it." Upon that remark of the court being made, her attorney said, "Exactly, and I move to dismiss as to her." The court then inquired of the attorney for the defendant Wiedersum whether he wished to hear her evidence, and he replied in the negative, and the proof was then closed. No continuance was then requested on behalf of any of the defendants for the purpose of obtaining the evidence of Mrs. Mayfield. The court, in disposing of the matter, after a denial of motions to dismiss, said:

"I find as a matter of fact that, in place of being an independent party, as he pretended, the defendant Wiedersum was actually a party in interest, which fact he concealed from the plaintiff. His statements of the value of the land, and all his statements to induce the sale by the plaintiff, become relevant and material when that fact is found, because she attached an importance to them, and was influenced by them, whereas she would not have been had he not carried the impression that he was an independent party, and acting in plaintiff's favor and service. I therefore give judgment for the plaintiff. He was the real owner of the property to be given to the plaintiff in exchange. He and his sister, Mrs. Mayfield, committed a gross fraud on the plaintiff, she pretending to be a widow, and decking herself out in that garb for the purpose."

The defendants claim to have been surprised upon the trial, and this is an appeal from an order denying the defendants' motion for a new trial on the ground of surprise and newly discovered evidence, as well as an appeal from the judgment entered against them. It is made to appear from the affidavits read in support of the motion that the defendant Mayfield can produce evidence upon another trial denying that she held title to the property in question for the benefit of the defendant Philip H. F. Wiedersum, and denying that she ever made any representations to the plaintiff as to her widowhood. We think that the motion for a new trial, at least as to her, should have been granted. Her claim that she was surprised, and did not anticipate any issue as to the interest of Wiedersum in the property, and as to the representations of her widowhood, is reasonable in view of the fact that no allegations in respect to either of those matters were contained in the complaint; and in view of the position taken by the learned trial court in announcing its decision at the close of the trial it is fair to suppose that the evidence which the defendant says she will be able to adduce upon another trial will be likely to affect the result. We are not unmindful of the well-settled rule that when one is surprised by evidence which he is not prepared to rebut he should request an adjournment, and, if he fails, is not entitled to a new trial on the ground of surprise. Messenger v. Fourth Nat. Bank of the

City of New York, 6 Daly, 190; Glendening v. Canary, 5 Daly, 489; affirmed 64 N. Y. 636; Baylies, New Tr. & App. 531. The rule, however, has an important exception, and where it is made to appear that a party has been misled by assurances given by the opposite party as to the issues which the case would involve, a new trial will be granted on the ground of surprise. It is held, while it is true no obligation rests upon parties or their counsel to inform the opposite side in relation to such matters, they must avoid saying or doing what may have a direct tendency to mislead their opponent. Chamberlain v. Lindsay, 1 Hun, 231; Rubenfeld v. Rabiner, 33 App. Div. 374, 378, 54 N. Y. Supp. 68. We think that the reason for this exception applies with even greater effect to the situation as presented by this record; for here, when the parties were preparing to close the evidence, the court itself stated that he had not yet heard anything by which the defendant Mayfield was in any way connected with the issues. It is entirely probable that this indication of the view held by the court of the matters in controversy misled counsel for defendant Mayfield into a belief that it was unnecessary for her to introduce any evidence tending to deny the evidence adduced by the plaintiff showing her connection with the case, especially as the complaint was silent on the subject, and she had contended that, without such allegation, fraud, based upon these facts, could not be considered by the court in determining whether the plaintiff was entitled to judgment.

The trial court found that the defendant Evangeline Wiedersum, who was the wife of Philip H. F. Wiedersum, took a conveyance of the property deeded to the defendant Mayfield pursuant to the terms of the agreement with knowledge of the fact that this conveyance to the defendant Mayfield was obtained and procured and induced by and through the false and fraudulent representations of the defendant Philip H. F. Wiedersum, and to cover and conceal the said Wiedersum's interest therein, and to this finding the defendant Evangeline Wiedersum excepted. The judgment also seems to declare void this conveyance from defendant Mayfield to Evangeline Wiedersum. There was, however, no evidence whatever tending to show that the defendant Evangeline Wiedersum had any knowledge, actual or constructive, of the dealings between the plaintiff and either of her codefendants, either before or after the contract was entered into. The mere fact that she was the wife of the defendant Philip H. F. Wiedersum cannot be said to raise the presumption that she had such guilty knowledge. While it is by no means clear from the record in its present state that the defendant Philip H. F. Wiedersum, independently of his codefendant Mayfield, has made out a case for a new trial on the ground of surprise, it seems to us that, inasmuch as the interests of the defendants under the judgment appealed from are so closely allied and so interwoven, justice demands there should be a new trial as to all the defendants, if such disposition is made as to one.

The order, therefore, denying the motion for a new trial, should be reversed, and motion granted; costs to abide the event. All concur.