(24 Misc. Rep. 211.)

### COY v. MARTIN et al.

(Supreme Court, Special Term, New York County. July, 1898.)

1. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—MATERIALITY.
    After judgment in an action for salary at $5,000 a year, defended by the executors of defendant, who died pending the action, and a considerable time before the trial, it was discovered that plaintiff, in another action, to which defendant was not a party, 18 days after the alleged contract was made, had testified that his salary was $2,500 a year, with commissions that would increase it by $1,000. Plaintiff also had in his possession a letter written by defendant some time before the employment, which stated that the salary was $2,500 a year, with commissions. The only testimony for plaintiff was that of a clerk who casually overheard a conversation between the parties at a date prior to the giving of plaintiff's testimony in the case referred to. Held, ground for a new trial.

2. SAME—DILIGENCE—EXECUTORS OF PARTY.
    Executors defending an action on an alleged contract with their testator are not wanting in diligence in failing to discover important evidence until after the trial, where such evidence consists of testimony given by plaintiff in a suit to which their testator was not a party, and of a letter of their testator in plaintiff's possession.

3. SAME—TIME FOR GRANTING NEW TRIAL.
    A new trial may be granted for newly-discovered evidence after judgment and affirmance on appeal, where knowledge of such evidence rests solely with plaintiff, and defendant is represented at the trial by his executors.

Action by George E. Coy against Richard M. Martin and others, executors. Judgment for plaintiff. Affirmed. On motion for a new trial on the ground of newly-discovered evidence. Granted.

Arthur C. Palmer, for plaintiff.

Warren, Boothby & Warren, for defendants.

RUSSELL, J. The defendants move for a new trial upon newly-discovered evidence after the verdict of a jury against them, and an affirmance of the judgment by the appellate division. In such a case the moving papers must present strong reasons, or the motion will be denied. After a fair trial, and an affirmance upon appeal, litigation should cease, unless it is discovered that very important testimony may be had upon a new trial, which was not, with proper diligence, discoverable by the defeated party before the trial took place. A successful litigant has enough burden to sustain, both of vexation and expense, without requiring an additional imposition of care and annoy-

ance and pecuniary loss by being compelled to retry an issue solely because the other side has overlooked some matter of evidence which might have been useful to him on the former trial. This case, however, presents some unusual features. The action was to recover the balance unpaid to the plaintiff for services as general manager from the 8th day of July, 1895, to the 8th day of July, 1896, for William Campbell, the deceased testator. A recovery was had of the difference between the amount paid and his salary at the rate of $5,000 per annum. The action was brought in the lifetime of the testator, but his death occurred nearly a year prior to the trial, which took place in February, 1898. The judgment therefore was against the defendants as executors, and they conducted the trial without the aid of information other than that which had been acquired by the attorneys for the testator, who were not aware at any time of the evidence now found, and which would have been important evidence on behalf of the defendants upon the trial of the action. The contract of service was testified to by Alexander Fischer, another employé of the deceased testator, who testified that the testator guarantied the plaintiff $5,000 salary for one year to attend to the distribution of goods in the factory. On cross-examination he stated that he could fix the date of the conversation exactly, and did so fix it as occurring on the 8th day of July, 1895, the precise date stated in the complaint, and that during the conversation the witness was engaged in the employment of pasting samples in a book. Without that testimony the action could not have been maintained, and, as the appellate division in its opinion stated, this evidence presented a fair question for the jury to decide,— whether, under the circumstances of the case, such a hiring at $5,000 for the year took place.

It has now been recently discovered by the attorneys for the executors that on the 26th day of July, 1895, 18 days after this alleged hiring at $5,000 for one year, in an action brought between other parties it became material for the present plaintiff, Coy, to, and that he did, testify as to his occupation, for the plaintiff, and the salary he was receiving. It is undisputed upon this motion that on the occasion of giving the testimony on this 26th day of July, 1895, the plaintiff did testify that his contract called for $2,500 for the year, and 2 per cent. commission on certain sales, and a half of 1 per cent. on certain others, which might possibly have amounted, if he had not been discharged before the expiration of the year, to $1,000; making somewhere from $2,500 to $3,500 for the year's service, instead of $5,000. It will be noted that the plaintiff, who has now recovered from the executors on the basis of a $5,000 salary, himself testified during the pendency of that service, and with the contract fresh in his mind, that he was to receive but $2,500, aside from certain commissions. That testimony is entirely inconsistent with his right of recovery in this action. I have looked with care to ascertain the plaintiff's explanation of this testimony. That explanation is considerably involved, but apparently attributes the statement to confusion, and a recollection of a prior hiring at a rate of $2,500 and commissions. In support of the latter ground of explanation, the plaintiff produces a letter from the deceased testator dated March 30, 1895, stating the understanding of

the testator as to the terms of the engagement of the plaintiff with him, which letter is underwritten, apparently by the plaintiff, as accepted April 2, 1895. But this letter, while it gave the plaintiff occasion to remember the $2,500 engagement, strongly corroborates the theory of the defendants. It states the testator's understanding that the engagement with him was for a year, beginning July 1, 1895, and ending June 30, 1896, at a salary of $2,500, with 2 per cent. commission on deliveries, except as to certain named parties, as to which the commission would be one-half of 1 per cent., and that the testator should also pay the necessary traveling expenses. We thus have the evidence, by a written contract, that from the 1st day of July, 1895, the plaintiff was to work for $2,500 by way of salary for one year, and we have the additional evidence, by the statement under oath of the plaintiff less than four weeks after the beginning of his term of service at this rate, that he was working on that salary; and it would seem to be almost incredible, in view of these two items of evidence, that intermediate this 1st day of July and the 26th day of July, when the plaintiff's testimony was given, a new contract was made, not reduced to writing, casually overheard by one witness, by which this salary was to be $5,000 a year. The plaintiff knew of these two pieces of evidence, and the executors did not. Their natural import is so antagonistic to the present claim that it would seem proper he should present upon another trial satisfactory evidence to show why his claim is valid in spite of these matters of evidence.

The question of laches in obtaining proper information for a trial is always useful when the matters urged for granting a new trial are inconclusive, and may very well determine a balanced case. Laches cannot be urged, however, to defeat a plain matter of justice; nor do laches exist where the reasonable and ordinary inferences would sustain a conclusion that there was no very strong reason why the defendant should have known of the facts now discovered. It is not ordinary practice to prepare a case for trial nearly a year before the actual trial, and the presence of the deceased testator when the plaintiff was giving his testimony in the other action would not charge the executors or the attorneys with knowledge as to what the plaintiff did testify to on that prior occasion. It will be remembered that this testimony was given at a time when the testator had no reason to suppose there was any difference between them as to the amount of the salary, and so would not charge his mind with the details of the testimony given by the plaintiff, especially as he was then engrossed with another litigation, the material circumstances of which were sufficient to exclude other collateral matters from his memory. Even if he had heard distinctly the testimony, and remembered it, the attorneys may easily have never heard of the circumstance, or had occasion to, until preparation for the actual trial took place, which occurred long after the testator had died. It is very difficult for executors to contest a claim made against the deceased from want of a knowledge which died with the testator; and laches should not be readily imputed to them in their efforts, as trustees, to protect the trust estate.

I am cited to no authority upon the subject of the power of the court to grant a new trial for newly-discovered evidence after an ap-

peal taken and an affirmance, though in a case where the order of affirmance has not been entered the general practice is to deny such motions.    Fisher v. Corwin, 35 Hun, 253; Jackson v. Chace, 15 Johns. 354; Peck v. Hiler, 30 Barb. 656.    But the general term, in Fisher v. Corwin, above cited, evidently regards the rule adopted by the Code of Civil Procedure (section 724), that a party must seek relief for mistake, inadvertence, or surprise within one year, a more uniform and unbending rule than that which denies relief after judgment on a motion for a new trial.    None of the cases cited to sustain the proposition that a motion should not be entertained after judgment or appeal contain the element of knowledge by the successful party of the existence of the evidence, and a want of the knowledge by the defeated party; and the cases are not those where trustees, without knowledge of the facts, defend the estate they have in charge.    The arm of the court is not shortened by any technical measure to prevent a new trial for good cause shown in such a case as this.    In any case where the knowledge of strong helping facts rests solely with the successful party, the period of relief on account of those facts should not be shortened except by the end of the litigation.    Even the section of the Code cited gives a year after notice of omission or mistake in which to correct the error, and does not limit the right of motion to the pendency of the action before judgment, or before the decision of an appeal; and the inherent power of the court, without the aid of section 724, Code Civ. Proc., allows the correction of mistakes and omissions, and another opportunity to a party who has suffered by reason of ignorance or inadvertence.    Vanderbilt v. Schreyer, 81 N. Y. 646; Hatch v. Central Nat. Bank, 78 N. Y. 487; Underwood v. Sutcliffe, 21 Hun, 357.    I can conceive of no more important ground of corrective relief than that which asks the reopening of the trial which went against the moving party for their want of knowledge of the action of the opposite party, of which, as a matter of course, that opposite party had full information.

An order granting a new trial may be entered on payment of the costs of the appeal and of the previous trial within 20 days after the amount has been ascertained by taxation and notice served; and in case of nonpayment the motion for a new trial is denied, with $10 costs.    Ordered accordingly.