KEISTER v. RANKIN.

(Supreme Court, Appellate Division, First Department. November 11, 1898.)

1. NEW TRIAL—CUMULATIVE EVIDENCE.
    A new trial for newly-discovered evidence will not be denied because the evidence is cumulative, if it is of such probative force that it might probably change the result.
2. SAME—IMPEACHING EVIDENCE—SCOPE OF RULE.
    The rule that newly-discovered evidence will not warrant the granting of a new trial if it simply impeaches testimony of the successful party, does not extend to evidence which has intrinsic probative value, though it also contradicts his testimony.
3. SAME—NEWLY-DISCOVERED EVIDENCE—LACHES.
    A party is not barred by laches from offering as newly-discovered evidence for a new trial the testimony of the stenographer who copied a draft of a proposed contract in evidence, because he failed on trial to move for a continuance for surprise because he could not have anticipated the testimony offered, where at the time he did not know of the evidence to rebut it, since in that situation he was not entitled to a postponement.
4. SAME—AFTER AFFIRMANCE OF JUDGMENT ON APPEAL—COURTS.
    The supreme court may, to subserve justice, grant a new trial even after affirmance on an appeal and a disposition of the case by the court of appeals.

Appeal from special term, New York county.

Action by George Keister against William Rankin. There was a judgment for plaintiff, and defendant appealed. Affirmed on conditions. 51 N. Y. Supp. 634. From an order denying a new trial defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, RUMSEY, and INGRAHAM, JJ.

C. De H. Brower, for appellant.

E. A. Hibbard and Frederick S. Duncan, for respondent.

VAN BRUNT, P. J. This action was commenced to recover for services as architect in superintending the erection of the Hotel Gerard, and the plaintiff claimed on a quantum meruit 5 per cent. on the cost of the building. The defendant alleged an agreement to pay 2 per cent. on the cost. The trial took place in November, 1897, and it appeared that in October, 1893, the defendant requested the plaintiff to draw a contract between them, and the plaintiff thereupon caused to be made two typewritten drafts of the contract, one of which was handed to the defendant and the other to a Mr. Moore. The defendant testified that the draft contract handed to him contained the words "two per cent.," and produced on the trial

a carbon copy, in which the word "two" was inserted in a blank directly from the ribbon of the machine. The plaintiff testified that when he handed the draft contract to the defendant the word "two" was not inserted, but that there was a blank before the words "per cent." Although it was admitted that no contract was actually signed between these parties, yet it is claimed upon the part of the defendant that, the plaintiff having drawn up the contract in accordance with the terms of their agreement as stated by him, it necessarily discredited his claim that he was entitled to a different compensation from that which he himself had inserted in his own draft of the contract. The plaintiff testified that the draft was dictated by him to a stenographer, a Miss Fleming, of whose name he was not then certain, and whose whereabouts he did not know, although he had made some efforts to find her. The trial resulted in a verdict for the plaintiff, and from the judgment thereupon entered the appellant appealed to the appellate division, where the judgment was modified, and, as modified, affirmed. Immediately after the trial the defendant made efforts to find the Miss Fleming who had copied the contract. Up to the 1st of July, 1898, he could find no trace of her, but shortly thereafter he learned that she resided in New York, and that her name was Alice Louise Fleming, and on the 12th of July he procured from her the affidavit forming the basis of his motion for a new trial, which motion was made and denied on the 26th of July. Thereupon this appeal was taken.

It is urged that the motion was properly denied, because the evidence was cumulative, that it was merely an attempt to impeach the testimony of the plaintiff; and also upon the ground of laches. The rule which formerly obtained (for what reason has never been explained), that, where newly-discovered evidence was cumulative, a motion for new trial based thereon should be denied, has been, in furtherance of justice, virtually abolished. It seems to be apparent that newly-discovered evidence may be of as much importance upon an issue as to which evidence has been already given as though no evidence upon that point had been adduced upon the trial. The rule to be applied to such newly-discovered evidence, whether cumulative or not, is, is it of such a character that it is likely to produce a different result upon a new trial? In the case at bar the evidence is of the highest importance; as, if the jury found that this proposed contract was drawn by the plaintiff with the 2 per cent. inserted therein when he handed it to the defendant, it would certainly tend to show that the facts were not as testified to by him in respect to compensation; and it might very well be that, in view of this evidence, the jury would come to an entirely different conclusion from that which they reached when it appeared that this insertion of the word "two" might have been made, and apparently was made, by the defendant after the proposed contract had been handed to him.

It is further urged that the motion should be denied because the evidence simply seeks to impeach the testimony of the plaintiff. But the evidence in question is not impeaching evidence, within the meaning of the rule. Evidence impeaches a witness when it assails

his general credibility, or otherwise weakens the force of his testimony, and detracts from the weight to be given to it, without having of itself probative value as original evidence upon the matter at issue.    Where, as here, it merely tends to show a different state of facts from that testified to by the plaintiff, and upon which he founds his claim, it contradicts, but does not impeach, him.    If the rule claimed by the plaintiff should prevail, then no newly-discovered evidence could ever be introduced, because it must necessarily, if of any consequence, contradict, and thus, in the respondent's view, impeach, some witness who has sworn to the contrary.

The next question to be considered is the objection as to laches. It is urged that, after the plaintiff gave testimony in regard to the condition of this contract, it was the duty of the defendant to make a motion to postpone the trial, or to withdraw a juror for surprise. It is difficult to see upon what ground a defendant can withdraw a juror.    Nor was there any ground for the postponement of the trial. The mere fact that a party is surprised by the evidence of his adversary affords no ground for a postponement, unless he is able to show that he can produce contrary testimony, which, from the nature of the case, he was not bound to have present at the trial.    In the case at bar the defendant knew nothing as to the origin of this draft contract, or the manner of its production, until it was sworn to by the plaintiff at the trial that Miss Fleming had copied the contract.    He did not know what Miss Fleming's statement would be in regard to it, and consequently had no ground whatever to move for a postponement of the trial.    It is urged that it is too late to make such a motion after an appeal and the affirmance of a judgment.    It is never too late to do justice; and where the ends of justice require that a new trial should be granted, the supreme court may act, although the case may have been in the court of appeals, and disposed of there.

We think therefore that the court below should have granted the motion for a new trial.    The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted upon payment by the defendant of the taxable costs in the action, except extra allowance.    All concur.