(27 Misc. Rep. 648.)

BENTA v. HARRIS.

(City Court of New York, General Term. May 26, 1899.)

1. MASTER AND SERVANT—COMPENSATION OF SALESMAN—EVIDENCE.

On an issue whether the commissions which a salesman was to receive in addition to his salary were 1 per cent. on the sales made by him, or 2, the salesman testified that after the expiration of a written contract between him and the merchant, which fixed his commissions at 1 per cent., they orally agreed that for the ensuing year they should be 2 per cent. A former bookkeeper of the merchant, who was unfriendly to him, testified that the merchant had given him the written contract with the salesman, with the 1 per cent. commission crossed out, and 2 per cent. written over it, and asked him to make two copies of it; but there was nothing to show that the merchant knew of the erasures. The merchant and his wife denied the making of any contract for additional commission, and testified that, some time prior to the expiration of the written contract, the salesman had agreed to remain another year under it. During the entire time the salesman had been paid his salary weekly, and 1 per cent. commission. *Held*, that an agreement that the salesman's commissions should be 2 per cent. was not proved.

2. NEW TRIAL—SURPRISE—NEWLY-DISCOVERED EVIDENCE.

A complaint for services alleged that, after working for defendant for a year under a written contract, the parties agreed at the beginning of the second year that plaintiff should receive additional compensation. The agreement as to the additional compensation was disputed, and the jury found for plaintiff, whose testimony was that the contract sued on was made, over a month after the commencement of the second year, at defendant's place of business, but was to date back to the commencement of the term. This evidence, in view of the complaint, was a surprise to defendant, who moved for a new trial, and showed, by affidavits of himself, his wife, and a physician, that, at the time fixed by plaintiff when the alleged contract was made, he was sick and unable to go to his place of business. The affidavit of a third person stated that plaintiff had told him that he had agreed to remain with defendant for another year at the same pay; and a witness, who had testified that defendant had given him the old contract, with the parts specifying the compensation crossed out, and the compensation sued for written over them, and asked him to make two copies, made affidavit that the paper handed to him was in writing, and not the typewritten contract received in evidence on the trial. *Held* error to refuse a new trial, since the new evidence, though cumulative, would probably change the result.

Appeal from trial term.

Action by John George Benta against George Harris. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and O'DWYER, JJ.

Herman Fox, for appellant.

Leon Lewin, for respondent.

SCHUCHMAN, J. The complaint alleges that on or about December 1, 1893, the plaintiff was employed by the defendant as a salesman at a salary of $20 per week, and 2 per cent. commission on all goods and merchandise sold by the plaintiff for the defendant, and that between December 1, 1893, and November, 1894, the plaintiff sold merchandise for the defendant amounting to the sum of $33,675.79. The answer admits the employment of plaintiff at a salary of $20 weekly, and 1 per cent. commission on the sales, but denies that 2 per cent. commission on the sales was agreed to be paid by defendant to plaintiff. The answer further admits the amount of the sales to have been said sum of $33,675.79, and it avers that the defendant paid to plaintiff said salary of $20 weekly, and 1 per cent. commission, during the year. Thus, it appears that the sole issue involved in this action was the fact whether the defendant had agreed to pay to the plaintiff 1 or 2 per cent. commission on the amount of sales. The evidence adduced at the trial shows that the plaintiff was employed by the defendant, as a salesman, by a written contract dated December 1, 1892, for the term of one year from date of contract, at the sum of $1,000 per annum, to be paid in weekly payments, and also, as an additional salary, the sum of 1 per cent. on all goods sold in the business of the said George Harris, the defendant herein, etc. This contract expiring on or about December 1, 1893, the new contract, made as on or about December 1, 1893, for the ensuing year, is alleged in the complaint herein. At the trial, however, the plaintiff, as a witness in his own behalf, proved an oral agreement of employment made at defendant's store, 77 Greene street, in January, 1894, for the term of one year, to relate back and commence from December 1, 1893. This was at variance with the complaint, and a surprise to the defendant. To substantiate plaintiff's case, only one other witness was called. He was Simon Meyers, who was in 1894 the bookkeeper of defendant, had left defendant's employ after plaintiff did, was on bad terms with defendant, and not at all friendly to him. He testified that plaintiff gave him the former written contract of employment, with certain lead-pencil changes made thereon (among others, 2 per cent. over erasure of 1 per cent.), and asked him to make two copies thereof; but his testimony fails to show that the defendant knew anything about the lead-pencil changes, or that he assented thereto, or assented to any contract in regard to 2 per cent. commission, or that the copy contract was ever signed, or that plaintiff ever asked defendant to sign it. The de-

fendant, George Harris, and his wife, Annie N. Harris, deny that any contract whatever was made by defendant with plaintiff in regard to the 2 per cent. commission, and assert that in November, 1893, the plaintiff agreed to remain with defendant for another year under the old contract. It further appears that during the whole year of 1894 plaintiff received from defendant the $20 weekly, and 1 per cent. commission on the sales. Thus, it appears that the plaintiff has not made out his case by a preponderance of evidence, as the law requires; and particularly not, inasmuch as the inferences that may be drawn and the probabilities that may be judged from the evidence tend in favor of the defense.

As to the motion for a new trial on ground of newly-discovered evidence, we have seen above that, although the appellant alleged the contract of employment as made on or about December 1, 1893, the plaintiff, on the trial, proved it to have been made in January, 1894; thus causing a surprise to defendant, and finding him unprepared to refute that fact. The affidavits of Harris, his wife, and the physician, S. Martus, show that during the month of January, 1894, the defendant was sick, and constantly confined to his bed in his house. If so, defendant could not have made the oral contract of employment with plaintiff at the defendant's store, at 77 Greene street, as plaintiff testified. The affidavit of Morris N. Miller shows that in December, 1893, the plaintiff told him that he had agreed to remain with the defendant for another year at the same pay; and Simon Meyers, the bookkeeper, who on the trial testified in plaintiff's favor, now makes affidavit that Exhibit A (the above-mentioned written contract, with the lead-pencil changes on it, which plaintiff gave him to copy) was not the paper that was handed to him by plaintiff, as he had testified to; that the one handed to him was a written paper, and not a typewritten paper. We think justice requires us, under the particular circumstances of this case, to give the defendant an opportunity to produce and have submitted to a jury this newly-discovered evidence, after the surprise aforesaid. Whether justice does require such action depends largely, if not entirely, upon the nature of the evidence, the weight to be given to it, the manner in which it was presented, and the opportunity that the adverse party had to meet it. Doorley v. O'Gorman (Sup.) 52 N. Y. Supp. 536–538. A new trial for newly-discovered evidence will not be denied because the evidence is cumulative, if it is of such probative force that it might probably change the result. Keister v. Rankin (Sup.) 54 N. Y. Supp. 274.

The order appealed from, denying the motion for a new trial on newly-discovered evidence, is reversed, with $10 costs and disbursements, and the motion granted, upon payment by the defendant of the taxable costs in the action, except extra allowance. All concur.