(58 App. Div. 42.)

### BIDDESCOMB v. CAMERON et al.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—DILIGENCE.

> Plaintiff in an action for injury from defective machinery having been apprised on the trial that two certain persons had assisted in inspecting and repairing it before the trial, he cannot appeal from the decision that, on the evidence adduced, he is not entitled to go to the jury on the question of defendant's negligence, and then, after the appeal is decided against him, have a new trial for newly-discovered evidence, consisting of the testimony of such two persons.

Appeal from trial term, New York county.

Action by Alice Maud Biddescomb, administratrix of William Biddescomb, deceased, against Alpin J. Cameron and another. From an order granting plaintiff a new trial on the ground of newly-discovered evidence, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, and INGRAHAM, JJ.

Henry G. Ward, for appellants.

John Brooks Leavitt, for respondent.

INGRAHAM, J. By this action the plaintiff sought to recover, as administratrix of William Biddescomb, for the damages sustained by his next of kin from his death. The accident happened in February, 1897, and this action was commenced in the following May. It was brought on for trial in June, 1898, and resulted in the direction of a verdict for the defendants, upon which judgment was entered. The plaintiff thereupon appealed to this court, where the judgment was affirmed (55 N. Y. Supp. 127), and subsequently to the court of appeals, with the like result, which latter decision was announced on the 23d of January, 1900 (57 N. E. 1104). On August 25, 1900, the plaintiff served a notice of motion for a new trial on the ground of newly-discovered evidence.

The plaintiff's intestate was killed while riding upon a freight elevator operated in the defendants' factory, he being an employé

of the defendants; and the complaint alleged that the fall of the elevator, causing the death of the plaintiff's intestate, was due to a defect in the said elevator which should have been discovered upon a proper inspection thereof, and that the said defendants were negligent in failing to have the elevator properly inspected, and in not providing a safe appliance with which, or a place in which, the plaintiff's intestate was to pursue his work for and on behalf of the defendants. Upon the trial of the action several of the employés of the defendants testified on behalf of the plaintiff and the defendants. It did not appear that the plaintiff made any serious efforts to procure the testimony on the trial of the other employés of the defendants, the plaintiff's counsel insisting that, upon the evidence produced, he was entitled to have the question of the defendants' negligence submitted to the jury; and when his position was overruled he appealed to this court, and then to the court of appeals, relying upon the correctness of the legal proposition upon which he had insisted from the beginning, notwithstanding the fact that upon the trial one of the witnesses for the defendants, who had inspected and repaired this elevator and the machinery connected with it, testified that he was assisted to making those repairs by two of the defendants' employés, Fairhurst and Sowden. The plaintiff was then informed that Fairhurst and Sowden assisted the witness in making the inspection of and repairs to this elevator. Having then the same information that two years later, after the decision of the court of appeals, enabled her to find them and obtain their statements, she elected to rely upon her appeal, rather than to make a motion for a new trial. The learned judge before whom this motion was made was impressed with these facts, and in his opinion stated:

"There can be little doubt that these witnesses, if their testimony had been considered necessary, would have been disclosed in the course of an ordinary diligent preparation for trial; and the present application, after two appeals, is really to obviate the result of a prosecution which was unsuccessful because erroneously conceived."

And this is the only conclusion which could have been arrived at from a consideration of the affidavits presented to the court below. But we think, upon this statement, that the motion should have been denied, rather than granted. It is a familiar principle, universally applied on motions of this character, that diligence is a prerequisite to the granting of the motion. The moving party must show that the evidence could not have been procured before the trial by the exercise of due diligence; and the same principle would stand as a bar to the granting of a new trial where upon the trial the existence of testimony as to a material fact of which a party had no previous knowledge is disclosed, but the party defeated, relying upon his exceptions, continues the litigation by appeal, rather than by making an application for a new trial. In this case the plaintiff was apprised of the fact that these two witnesses, upon whose affidavits she now bases this application, could testify as to the condition of this machinery. If she then wished for a new trial upon the ground of newly-discovered evidence, it

was her duty at once to take the necessary steps to ascertain whether the evidence of these witnesses would be material in the support of her case, and, if so, to promptly make this motion. She could not take the chances of an appeal from the judgment, and years after, when that appeal was finally determined against her, find the witnesses, and then ask for a new trial. The injustice of then granting the motion is evident when it appears, as it does in this case, that in consequence of the delay some of the defendants' witnesses have become so scattered that it would be impossible to procure their attendance. The essentials that are required to justify the granting of an application of this kind have been settled by numerous authorities, and early in the judicial history of the state the grounds upon which a new trial would be granted were clearly determined. Thus, in People v. Superior Court of City of New York, 5 Wend. 114, it was expressly held that, if the party omits to procure evidence which with ordinary diligence he might have procured in relation to the leading points upon the first trial, his motion for a new trial for the purpose of introducing such evidence should be denied. This rule has been uniformly observed in this state, and as late as in the case of People v. Priori, 164 N. Y. 459, 58 N. E. 668, it is stated and applied. There was really nothing in these papers to excuse the plaintiff's failure to produce these witnesses upon the first trial; but, even assuming that the plaintiff would have been entitled to a new trial if the motion had been promptly made after the former trial, the plaintiff was required to move promptly when the fact that these two particular witnesses had assisted in repairing and inspecting this elevator was testified to. It is too late, after having relied upon an appeal and been unsuccessful, to then come in and ask for this relief. As was said in People v. Superior Court of City of New York, supra:

"It is very possible that the purposes of justice might be subserved in this individual case by the granting of a new trial; but general principles, whose operation has been found salutary, and which have grown into authority under the sanction of repeated decisions and almost immemorial usage, cannot yield to the hardship of particular cases. It is of cardinal importance that the rules and principles which regulate the proceedings and decisions of our courts should be uniform and stable."

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion for a new trial denied, with $10 costs. All concur.