## HENSON v. LEHIGH VALLEY R. Co.

(Supreme Court, Special Term, Ontario County.   May 31, 1909.)

1. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE—DILIGENCE OF PARTY —JUSTICE OF DEMAND.

A new trial may be granted for newly discovered evidence, provided the failure to have such evidence on the former trial was not occasioned by lack of diligence, and justice requires that the applicant be given another opportunity to present her case.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 210–214; Dec. Dig. § 102.*]

2. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE—JUSTICE OF DEMAND.

In an action for the death of a brakeman, caused by the derailment of a car on which he was standing, an application for a new trial showed evidence, discovered since the trial that a defective truck was in a right position to cause the accident, so as to present a question for the jury as to defendant's negligence. The plaintiff, a young woman, suddenly informed of her husband's death, was not in a position, either personally or to have her friends go to the scene of the accident immediately and investigate to discover evidence, and the diligence shown was all that could have been expected under the circumstances. *Held,* that justice required that plaintiff be allowed to present it on a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 210–214; Dec. Dig. § 102.*]

3. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE—DILIGENCE REQUIRED OF APPLICANT.

The law does not require a party applying for a new trial on account of newly discovered evidence to exercise the highest vigilance to discover it before the trial, but only reasonable diligence in that regard.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 210–214; Dec. Dig. § 102.*]

4. NEW TRIAL (§ 161*)—CONDITIONS ON GRANTING MOTION—PAYMENT OF COSTS AND DISBURSEMENTS.

Where justice requires that plaintiff be given an opportunity to present newly discovered evidence on another trial, only such terms as are reasonable and fair under the circumstances should be exacted, and conditions as to the payment of costs and disbursements with which plaintiff cannot possibly comply should not be imposed.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 321–323; Dec. Dig. § 161.*]

Action by Eva Henson, administratrix of William S. Henson, deceased, against the Lehigh Valley Railroad Company. There was a verdict for defendant, and plaintiff moves for a new trial. Motion granted, on condition of payment of costs and disbursements.

See, also, 122 App. Div. 160, 106 N. Y. Supp. 602.

W. Smith O'Brien, for plaintiff.

Kenefick, Cooke & Mitchell, for defendant.

CLARK, J.   Plaintiff's intestate was a brakeman in the employ of the defendant, and working on its division running from Geneva to Naples, N. Y.   On the 23d day of December, 1905, he had made his usual trip to Naples, leaving Geneva in the morning and returning in the evening.   There is a station on the outskirts of the city of Geneva

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

called the "Pre-emption Road Crossing," and the train on which plaintiff's intestate was a brakeman arrived at the station about 6 o'clock in the evening. The train stopped to permit passengers to leave the car, and then the conductor signaled to Henson, who was the rear brakeman and standing on the fourth car from the rear end of the train, to go ahead. Henson passed the signal along to the head brakeman, who was a short distance behind the engine, and he in turn signaled to the engineer, who started the train. This was a freight and accommodation train, and the night was dark and the weather cold. After the train had proceeded from the Pre-emption Station a few hundred feet, the head brakeman saw Henson, plaintiff's intestate, give the signal to stop. The head brakeman repeated the signal to the engineer, and the train, which was going slowly, was very soon brought to a stop. The train hands alighted and went to the point where Henson had given the signal to stop, and there found car No. 34,899, the fourth car from the rear end of the train, lying on its side diagonally across the track; Henson being underneath the car and dead.

The case was tried at the Ontario Trial Term in October, 1907, and resulted in a nonsuit; it being held by the trial court that:

"The causes of the accident are purely speculative, and I cannot see that there is any evidence here by which we can rightfully infer, where an inference can rightfully be drawn, either that the decedent had been free from contributory negligence, or that the defendant had been negligent in any duty that it owed to its employé."

The plaintiff appealed to the Appellate Division, and the judgment of the trial court was reversed. The defendant thereupon appealed to the Court of Appeals, and the order of the Appellate Division was reversed, and the judgment of the trial court dismissing the complaint was affirmed; the Court of Appeals saying, in an elaborate opinion written by Judge Hiscock, that:

"If it were established that a truck was defective and at a right position to cause the accident, it would be permissible to find that it did in fact cause it."

On the trial of the action proof was offered by the plaintiff tending to show that a truck, which it was claimed was one of the trucks under the derailed car in question, was defective, and was the cause of the accident; but there was no evidence that this defective truck was under the forward end of the car when the accident occurred, and it is the claim that the accident must have occurred because of the derailment of the forward truck of this car on which plaintiff's intestate was standing in the discharge of his duties, and plaintiff asks for a new trial on the ground that she is now able, by evidence discovered since the former trial, to show that the defective truck was in fact the forward truck of the derailed car, and that therefore a question for the jury would be presented on the question of the defendant's negligence.

There is no question but that this court has power to grant an application of this character, provided it appears that the failure of the plaintiff to have this evidence on the former trial was not occa-

sioned by any lack of diligence on her part, and that justice requires that she be given another opportunity to present her case at a Trial Term. Keister v. Rankin, 34 App. Div. 288, 54 N. Y. Supp. 274; Biddescomb v. Cameron, 58 App. Div. 42, 68 N. Y. Supp. 568; McCreery, etc., v. Equitable National Bank, 54 Misc. Rep. 508, 104 N. Y. Supp. 959; Smith v. Matthews, 21 Misc. Rep. 150, 46 N. Y. Supp. 96; Coy v. Martin, 24 Misc. Rep. 211, 53 N. Y. Supp. 540. In this case I am satisfied that justice requires that this motion be granted. The evidence claimed to be new evidence was discovered since the former trial, and it could not have been obtained upon the former trial by the exercise of reasonable diligence on the part of the plaintiff. It is material to the issues involved, and I think the ends of justice require that the plaintiff have an opportunity to present this newly discovered evidence on a new trial.

The circumstances in connection with this case were exceptional. The plaintiff, a young woman, suddenly being informed of her husband's tragic death, was not in a position either personally or to have her friends go to the scene of the accident immediately and make a thorough investigation to discover evidence, and I think the moving papers show that the plaintiff exercised that degree of diligence to discover evidence in this case which could be expected under the circumstances. The law did not require her to exercise the highest vigilance to discover evidence; but she fulfilled her obligation when she exercised reasonable diligence in that regard. The plaintiff here undoubtedly exercised reasonable diligence to discover evidence, and the delay in making this application does not amount to laches which would preclude her from receiving the relief she seeks, because the delay has been satisfactorily explained, so I think this application should be granted; but the question of terms presents a more serious difficulty.

The learned counsel for the defendant insists that, if this application is granted, it must be on condition that plaintiff pay all costs and disbursements to date. In view of what has been shown as to the circumstances of this plaintiff, to impose such conditions would be harsh indeed. In this matter justice requires that the plaintiff be given an opportunity to present her newly discovered evidence on another trial, and on terms that are reasonable and right and fair under the circumstances, and conditions ought not and will not be imposed with which the plaintiff cannot possibly comply.

The motion for a new trial is granted, on condition that the plaintiff pay to the defendant's attorneys, within 30 days after the entry and service of the order herein, costs and disbursements of the former trial and $10 costs of this motion, the costs hereby allowed not to include costs before notice of trial, or costs after notice and before trial, or any costs taxed for taking depositions, or for any term fee prior to the trial, or costs of either appeal, the costs hereby allowed being merely those of the former trial, together with $10 costs of this motion; and, in case of her failure to make the payments as hereinbefore indicated, the motion is denied, with costs.