EVA BELL HARKINS, as Administratrix of the Estate of IRA D. HARKINS, Deceased, Respondent, v. SIZER FORGE COMPANY, Appellant.

Fourth Department, May 21, 1920.

New trial — action for death caused by negligence — newly-discovered evidence — testimony contrary to that given by plaintiff on first trial — laches.

Motion for a new trial of an action to recover for death caused by alleged negligence made upon the ground of newly-discovered evidence. A judgment for the plaintiff on a former trial was reversed and the complaint dismissed by the Appellate Division on the ground that no actionable negligence had been established, and on that trial all the witnesses for the plaintiff testified that the decedent went upon an elevated structure where he was run down by the defendant's crane by a ladder which led to an outside girder which contained no track and which was the proper place for the decedent to perform his work. The alleged newly-discovered evidence is that of a witness who is prepared to testify that the decedent went upon the structure through the operator's cage on the top of the crane, which alleged fact is denied by the defendant's affidavits.

Held, that a new trial should not be granted because the new evidence is directly contrary to the plaintiff's evidence on the former trial, and also as the plaintiff's attorney visited the place of the accident with the new witness, and did not move for the new trial until a year thereafter, the plaintiff was guilty of laches.

APPEAL by the defendant, Sizer Forge Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 28th day of September, 1919, granting a new trial on the ground of newly-discovered evidence.

*Love & Keating,* for the appellant.

*Hamilton Ward,* for the respondent.

CLARK, J.:

Plaintiff's intestate was killed while engaged as a lineman fastening a telephone wire at the top of a steel column in the building belonging to the defendant. He was not an employee of defendant, but of the Bell Telephone Company.

This action was originally tried in October, 1917, and resulted in a verdict in favor of the plaintiff. On appeal to the Appellate Division the judgment and order were reversed and the complaint was dismissed on the ground that no actionable negligence had been established. (*Harkins* v. *Sizer Forge Company,* 186 App. Div. 937.) Plaintiff carried the case to the Court of Appeals, and that appeal is still pending.

This newly-discovered evidence upon which the order appealed from was granted is pointed out in an affidavit of a witness named Robert Bruce, and in his affidavit he claims that he saw decedent on the day he was killed climb out of the crane operator's cage on top of the crane, from which he went over a crosspiece to the iron girder upon which he was to fasten a telephone wire; that he saw him walk across the top of the crane to the crane tracks, and along the tracks about twenty-five feet, until he reached an upright girder, when he sat down partly over the track, and hooked his leg around one of the upright girders, and was boring a hole through it when he was killed by the crane running him down, and that at no time after he climbed upon the girder had he gone to the ground previous to the accident.

In the immediate vicinity of where intestate was killed there were two parallel girders, one known as the inside and one the outside girder, and they were at least twenty-two inches apart. The crane at the time of the accident was being operated exclusively on the inside girder. The wires that were to be fastened by intestate were to be placed upon a plate over the outside girder, and there was no occasion for decedent to be on the inside girder at any time.

Several witnesses for the plaintiff testified on the trial that decedent went to his work by way of a ladder from the ground to the outside girder, that was clear, no track being on that

girder. Not a witness on the trial testified that decedent reached the place of the accident by way of the crane operator's basket.

Decedent had been notified to go up to his work on a ladder which was placed against the outside girder. His work required him to be on this outside girder. He had no work to do on the inside girder where he met with the accident. If he had remained on the outside girder where his work required him to be, he would have been in no danger. For some reason, undisclosed by the evidence, he got over on the inside girder which ran parallel to the outside one and this seems to have been a most unfortunate mistake.

The theory upon which plaintiff asks for a new trial is that the evidence of the witness Bruce would tend to show that Harkins went to the place where he was killed through the crane operator's cage, and that the operator knew of his presence on the track, and should not have negligently run him down. But so many of plaintiff's witnesses on the trial testified quite the other way as to how decedent reached his work, all testifying that he went up by way of a ladder, and not by way of the crane cage, that it is hard to see how this so-called newly-discovered evidence is of such a character that it would probably strengthen plaintiff's case.

After plaintiff was defeated on the ground that no actionable negligence was shown against defendant, it sought by the testimony of this witness Bruce to show that decedent went an entirely different route, to wit, through the crane operator's cage, and that the latter saw him and knew that he was out in front on the track where he was operating his crane, and that he wantonly ran him down, and defendant is responsible for its employee's act.

In the answering affidavits the crane operator denies that he saw decedent go through the cage, or that he had any knowledge that he was on the track in front of the crane. Take that testimony, with the testimony of plaintiff's witnesses on the trial, to the effect that decedent went to his work by a ladder, instead of through the crane operator's cage, it is hardly to be expected that this new evidence would help plaintiff's case for it would be advancing a theory unsupported by any other evidence in the case.

Moreover, plaintiff was guilty of laches in making the application for a new trial. Her attorney visited the scene of this accident in August, 1918, with this new witness Bruce, and that was after the original judgment had been reversed in the Appellate Division, so he must have known at that time what evidence Bruce would give on another trial.

After the reversal of the judgment in the Appellate Division on the ground that plaintiff had failed to show actionable negligence, she commenced another action on August 12, 1918, but it was discontinued upon stipulation November 20, 1918, and plaintiff waited from that time until August 5, 1919, before making this motion.

Plaintiff is not entitled to a new trial for the reason that she was guilty of laches and also on the ground that it cannot be said that the new evidence would probably strengthen her case, in view of the fact that the theory now advanced in order to charge the defendant with negligence is inconsistent with the theory adopted at the time of the trial. If it was true, as testified to then by the plaintiff's witnesses, that decedent went up a ladder to the outside girder, it is incredible that he could have gone by way of the crane operator's cage, as now claimed by this new witness Bruce, it clearly appearing that decedent had not at any time gone to the ground after he had first climbed upon the outside girder by way of a ladder. (*Biddescomb* v. *Cameron*, 58 App. Div. 42; *Pospisil* v. *Kane*, 73 id. 457.)

The order appealed from should be reversed, with costs.

All concur, KRUSE, P. J., in a separate memorandum.

KRUSE, P. J. (concurring):

This is not the usual application for a new trial upon the ground of newly-discovered evidence, where the moving party has met an adverse verdict. Here the jury found for the plaintiff and the judgment was reversed in this court and the complaint dismissed upon the ground that the evidence was insufficient as a matter of law to sustain the verdict.

The vital fact in the newly-discovered evidence is that the craneman had knowledge that plaintiff's intestate was at work

upon the girders and likely to be injured by the movement of the crane, as was done. I think the evidence upon the trial already had was sufficient to warrant the jury in so finding. If all the evidence on such trial does not make out a case of actionable negligence, the new evidence would not, as it seems to me, supply the deficiency. My own view is that the evidence upon the trial made out a case of actionable negligence against the defendant in operating the crane without warning the telephone employees at work upon these girders; the craneman knew, or should have been told by defendant of their presence and precaution taken against injuring them by operating the crane where they were at work. These workmen were more than bare licensees. They were invited by defendant and doing work in which it was beneficially interested.

Order reversed and motion denied, with costs.