VAN TASSEL *et al. v.* NEW YORK, L. E. & W. R. Co.

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

1. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
    In an action against a railway company for personal injuries, in which the defense rests in part on the identification of a certain car, train books, waybills, and the receipt of the consignee, describing such car, retained in the regular course of business by the railway company, and not introduced on the trial because believed to be unnecessary, such documents are not such newly-discovered evidence as to compel a new trial, no application for postponement having been made

2. SAME—SURPRISE.
    The failure of certain witnesses to testify as the party calling them expected on a point material to the defense is not such "surprise" as to compel a new trial, when such party has not been misled by any person, and no application for postponement was made.

Appeal from special term.

Action by John Van Tassel against the New York, Lake Erie & Western Railroad Company for alleged injuries sustained by plaintiff, a brakeman in defendant's employ, because of the defective condition of a brake step, the use of which he claimed to be essential to the operation of the brake attached to one of defendant's cars. Defendant appeals from an order denying a motion for a new trial on the grounds of surprise and newly-discovered evidence. Affirmed.

Argued before DALY, C. J., and BISCHOFF, J.

*Buchanan & Steele,* (*Charles Steele,* of counsel,) for appellant. *Smith & Bowman,* (*Artemas B. Smith,* of counsel,) for respondent.

BISCHOFF, J.   The motion for a new trial on the ground of newly-discovered evidence and surprise was properly denied, and for the facts transpiring on the trial reference may be had to the opinion on the appeal from the judgment in this action which is herewith handed down.   20 N. Y. Supp. 708. The alleged newly-discovered evidence is not such, in fact.   It consists of the train book kept by the conductor of the train running from Greycourt to Newburgh on August 22, 1888, the day of the accident of which plaintiff complained, the train book kept by the conductor of the train leaving Newburgh on the day after the accident with the car, the identity of which with the car upon which plaintiff claimed to have been injured defendant sought to establish on the trial, the way bill, and the receipt of the person to whom the car load of sheep was consigned; and it conclusively appears that these train books were kept, and the other instruments taken, by the defendant in the regular course of its business as forwarders of freight, and retained in its custody and subject to its control.   It appears, therefore, that defendant must, of necessity, have been aware of the existence of the alleged newly-discovered evidence long before the trial, and that it was not introduced on the trial was manifestly due to an impression or belief that it was unnecessary for the purposes of the defense.   The subsequent discovery of their importance does not make the train books and documents newly-discovered evidence.   *Hartman* v. *Association*, (Com. Pl. N. Y.) 19 N. Y. Supp. 398; Baylies, New Trials, 524, and cases cited.   Neither does it appear that the defendant was "surprised" on the trial by the failure of the witnesses King and William H. Van Tassel to testify to the identity of the car upon which plaintiff claimed to have been injured with the car "N. Y. P. & O. 8,007," mentioned in their train report, by any claim or statement on the part of either of the witnesses named that he would be able to swear to such identity. If defendant was "surprised," in any sense, in respect to the testimony of these two witnesses, it was not because defendant or its counsel were misled by any person, but because they assumed that the witnesses knew more than it transpired that they did know.   Besides, it appears, without contradiction, that no application for postponement of the trial was made, either on the ground of the inability to produce the documentary evidence, now alleged to be newly-discovered, or because of the lack of sufficient preparation by counsel for the purposes of the defense, or disappointment at the refusal of defendant's witnesses King and William H. Van Tassel to testify to the facts necessary to establish the identity of the cars.   Hence defendant must be assumed to have voluntarily proceeded with the trial, and to have consented to the submission of the facts in dispute to the jury on the evidence presented.   Motions of this kind are addressed to the sound discretion of the court, (*Williams* v. *Montgomery*, 60 N. Y. 648; *Lawrence* v. *Ely*, 38 N. Y. 42; *Selden* v. *Canal Co.*, 29 N. Y. 634;) and the judge who determined this motion having also presided on the trial, we must assume that he denied the motion upon his knowledge of the facts appearing by the affidavits, as well as those transpiring on the trial, and are unable to say that the discretion of the court was not properly exercised.   Order appealed from affirmed, with costs.