GEORGE KEISTER, Respondent, v. WILLIAM RANKIN, Appellant.

*New trial on the ground of newly-discovered evidence — what evidence justifies it — it may be granted after appeal taken and judgment affirmed — laches.*

The rule which formerly obtained, that where newly-discovered evidence was cumulative a motion for a new trial based thereon should be denied, has been, in furtherance of justice, virtually abolished.

The proper inquiry is whether the newly-discovered evidence, whether cumulative or not, is of such a character that it is likely to produce a different result upon a new trial.

In an action to recover on a *quantum meruit* five per cent on the cost of a building for services rendered by the plaintiff as an architect, in which the plaintiff recovered judgment, the defendant testified that a draft contract handed to him by the architect contained the words "two per cent," and produced on the trial a carbon copy in which the word "two" was inserted in a blank, directly from the ribbon of the machine. The plaintiff testified that when he handed the draft contract to the defendant the word "two" was not inserted, but that there was a blank before the words "per cent." On a motion subsequently made by the defendant for a new trial, upon the ground of newly-discovered evidence, an affidavit of a stenographer, whose name and whereabouts were unknown to the defendant at the time of the trial, was produced, in which she stated that, at the plaintiff's request, she filled in the word "two" in the contract.

*Held,* that the motion should have been granted, as, in view of this statement of the stenographer, the jury might come to an entirely different conclusion from that which they reached, when it appeared that this insertion of the word

"two" might have been, and apparently was, made by the defendant after the proposed contract was handed to him;

That such statement of the stenographer was not impeaching evidence assailing the general credibility or otherwise weakening the force of the plaintiff's testimony, as it merely tended to establish a different state of facts from that testified to by the plaintiff, upon which he founded his claim, and thus contradicted, but did not impeach, him;

That the objection that the defendant had been guilty of *laches*, in that he did not make a motion to postpone the trial or to withdraw a juror because of the surprise, was not a valid one, inasmuch as the mere fact that he was surprised, he knowing at the time of the trial nothing concerning the origin of this draft contract, or the manner of its production, or what the stenographer's statement would be in regard to it, afforded no ground whatever on which to move for a postponement thereof; and that the fact that an appeal had been taken and the judgment had been affirmed, afforded no reason why a new trial should not be granted in the interests of justice.

APPEAL by the defendant, William Rankin, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of August, 1898, denying defendant's motion for a new trial made upon the ground of newly-discovered evidence.

The affidavit of Alice Louise Fleming, read on behalf of the defendant appellant on this motion, contained, among other things, the following statement:

"Deponent, after typewriting the said agreement and making the corrections mentioned, gave to Mr. Keister the said contract as corrected, but with a blank in paragraph marked second on the first page before the word 'per cent.,' reading, 'for full services      per cent. upon the actual cost,' and likewise having a blank in the fourth line from the end of the first page before the word 'dollars' so that the contract read 'Upon a proposed cost of      dollars.'

"That on the same day as the completion of the said contract, (Exhibit I), or the day succeeding, Mr. Keister, the plaintiff herein, came to the deponent's desk and requested her to fill in the two blanks aforesaid, and at his direction and while he stood over deponent at her desk, deponent filled in said blanks.

"From deponent's examination of the spaces filled in with the word 'two' and the numbers '350,000,' deponent believes that there has been no erasure in the said blanks since the said contract, Exhibit I,

was typewritten, and that the word 'two' and the numbers '350,000' must have been the word and numbers which Mr. Keister directed deponent at that time to insert in the aforesaid blanks."

*Charles De Hart Brower*, for the appellant.

*Edward A. Hibbard*, for the respondent.

VAN BRUNT, P. J.:

This action was commenced to recover for services as architect in superintending the erection of the Hotel Gerard, and the plaintiff claimed on a *quantum meruit* five per cent on the cost of the building. The defendant alleged an agreement to pay two per cent on the cost. The trial took place in November, 1897, and it appeared that in October, 1893, the defendant requested the plaintiff to draw a contract between them, and the plaintiff thereupon caused to be made two type-written drafts of the contract, one of which was handed to the defendant and the other to a Mr. Moore. The defendant testified that the draft contract handed to him contained the words "two per cent," and produced on the trial a carbon copy in which the word "two" was inserted in a blank directly from the ribbon of the machine. The plaintiff testified that when he handed the draft contract to the defendant the word "two" was not inserted, but that there was a blank before the words "per cent." Although it was admitted that no contract was actually signed between these parties, yet it is claimed upon the part of the defendant that the plaintiff having drawn up the contract in accordance with the terms of their agreement, as stated by him, it necessarily discredited his claim that he was entitled to a different compensation from that which he himself had inserted in his own draft of the contract. The plaintiff testified that the draft was dictated by him to a stenographer, a Miss Fleming, of whose name he was not then certain and whose whereabouts he did not know, although he had made some efforts to find her. The trial resulted in a verdict for the plaintiff, and from the judgment thereupon entered the appellant appealed to the Appellate Division, where the judgment was modified, and as modified affirmed.

Immediately after the trial the defendant made efforts to find the Miss Fleming who had copied the contract. Up to the 1st of July,

1898, he could find no trace of her, but shortly thereafter he learned that she resided in New York and that her name was Alice Louise Fleming, and on the twelfth of July he procured from her the affidavit forming the basis of his motion for a new trial, which motion was made and denied on the twenty-sixth of July. Thereupon this appeal was taken.

It is urged that the motion was properly denied because the evidence was cumulative; that it was merely an attempt to impeach the testimony of the plaintiff; and also upon the ground of *laches*.

The rule which formerly obtained (for what reason has never been explained), that where newly-discovered evidence was cumulative a motion for new trial based thereon should be denied, has been in furtherance of justice virtually abolished. It seems to be apparent that newly-discovered evidence may be of as much importance upon an issue as to which evidence has been already given, as though no evidence upon that point had been adduced upon the trial. The rule to be applied to such newly-discovered evidence, whether cumulative or not, is: Is it of such a character that it is likely to produce a different result upon a new trial? In the case at bar the evidence is of the highest importance; as, if the jury found that this proposed contract was drawn by the plaintiff with the two per cent inserted therein when he handed it to the defendant, it would certainly tend to show that the facts were not as testified to by him in respect to compensation; and it might very well be that, in view of this evidence, the jury would come to an entirely different conclusion from that which they reached when it appeared that this insertion of the word " two " might have been made and apparently was made by the defendant after the proposed contract had been handed to him.

It is further urged that the motion should be denied because the evidence simply seeks to impeach the testimony of the plaintiff. But the evidence in question is not impeaching evidence within the meaning of the rule. Evidence impeaches a witness when it assails his general credibility or otherwise weakens the force of his testimony and detracts from the weight to be given to it, without having of itself probative value as original evidence upon the matter at issue. Where, as here, it merely tends to show a different state of facts from that testified to by the plaintiff and upon which he

founds his claim, it contradicts, but does not impeach him. If the rule claimed by the plaintiff should prevail, then no newly-discovered evidence could ever be introduced, because it must necessarily, if of any consequence, contradict, and thus in the respondent's view impeach, some witness who has sworn to the contrary.

The next question to be considered is the objection as to *laches*. It is urged that after the plaintiff gave testimony in regard to the condition of this contract, it was the duty of the defendant to make a motion to postpone the trial or to withdraw a juror for surprise. It is difficult to see upon what ground a defendant can withdraw a juror. Nor was there any ground for the postponement of the trial. The mere fact that a party is surprised by the evidence of his adversary affords no ground for a postponement unless he is able to show that he can produce contrary testimony, which from the nature of the case he was not bound to have present at the trial. In the case at bar the defendant knew nothing as to the origin of this draft contract, or the manner of its production, until it was sworn to by the plaintiff at the trial that Miss Fleming had copied the contract. He did not know what Miss Fleming's statement would be in regard to it, and consequently had no ground whatever to move for a postponement of the trial.

It is urged that it is too late to make such a motion after an appeal and the affirmance of a judgment. It is never too late to do justice; and where the ends of justice require that a new trial should be granted the Supreme Court may act, although the case may have been in the Court of Appeals and disposed of there.

We think, therefore, that the court below should have granted the motion for a new trial. The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted upon payment by the defendant of the taxable costs in the action, except extra allowance.

BARRETT, RUMSEY, INGRAHAM and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted upon payment by the defendant of the taxable costs in the action, except extra allowance.