(35 Misc. Rep. 197.)

SOLOWYE v. HAZLETT.

(City Court of New York, General Term. May, 1901.)

1. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
    A motion for a new trial for newly-discovered evidence will not be denied because such evidence is cumulative, where its force is such as to probably change the result.

2. APPEAL—OBJECTIONS NOT RAISED BELOW.
    An objection that a motion for new trial for newly-discovered evidence was not heard on case settled and signed by the judge who tried it, as provided by Code Civ. Proc. § 997, cannot be first raised on appeal.

3. NEW TRIAL—TERMS.
    Where a new trial is granted for newly-discovered evidence, it should be only on terms.

Appeal from special term.

Action by Max Solowye against Isaac W. Hazlett. Verdict for plaintiff. From an order granting a new trial for newly-discovered evidence without terms, and with costs to defendant against plaintiff, plaintiff appeals.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and DELEHANTY, JJ.

Abraham H. Sarasohn (Max D. Steuer, of counsel), for appellant.
Albert I. Sire, for respondent.

SCHUCHMAN, J. The complaint alleges a cause of action for goods sold and delivered to the defendant at the value of $154.20. The answer is a general denial. At the trial the defendant admitted that the goods were delivered to him, and that he received them; but he claimed that he was only the superintendent of the buildings upon which the goods were used, and that he purchased the same as the agent of the owner of the buildings, one William S. Long. The plaintiff, however, testified that he sold and delivered those goods to the defendant; that the defendant promised to him, when the bill was presented, to pay him in a few days of the next week. The question at difference was properly submitted to the jury, who rendered a verdict in favor of the plaintiff. The motion for a new trial on newly-discovered evidence was made on affidavits of the defendant, Hazlett, one Max Wohl, Isadore Engle, Samuel Lewis, and Max Marcus.

The appellant raises the point that the motion for a new trial on newly-discovered evidence, specified in said affidavit, should not have been granted, because the evidence is cumulative merely, and that it should appear to the court that the newly-discovered evidence, had it been given upon the trial, would have changed the result. In this I do not agree with him, because in Keister v. Rankin, 34 App.

Div. 288, 54 N. Y. Supp. 274, the rule is laid down that a new trial for newly-discovered evidence will not be denied because the evidence is cumulative, if it is of such probative force that it might probably change the result. I think that the evidence disclosed by the affidavits mentioned is of such force.

The appellant raises the point that, under section 997 of the Code of Civil Procedure, a motion for a new trial upon newly-discovered evidence can only be heard on a case settled and signed by the judge who tried it, as prescribed in the General Rules of Practice. This is correct (Katz v. Atfield, 17 N. Y. Supp. 447), but, by the omission to raise the question on the hearing of the motion, the objection is waived, and is not available upon review. Bantleon v. Meier, 81 Hun, 162, 30 N. Y. Supp. 706. The order appealed from and the record on the appeal herein do not show that the objection was raised at the hearing of the motion, and it must, therefore, be considered waived.

The appellant maintains that the order herein granting a new trial on the newly-discovered evidence should only have been granted upon terms, and that he should not have been punished by granting the motion, with $10 costs to the defendant against himself. In this I think he is correct. The order appealed from is therefore modified by striking out the allowance of $10 costs to the defendant, and inserting, instead, motion granted upon payment by the defendant of the taxable costs in the action, except extra allowance. For the reason that the order is modified, I think no costs should be allowed to either party on this appeal.

Order modified, without costs.