(46 Misc. Rep. 58)

### SELIGMAN v. SIVIN et al.

(Supreme Court, Appellate Term. December 23, 1904.)

1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—SURPRISE.

In an action based on the claim that defendant had collected a certain amount on bills owing a corporation, which defendant denied, where plaintiffs testify that defendant admitted he had collected the amount claimed, and produce a memorandum, which they say defendant dictated, showing the sums collected, and from whom collected, and defendant denies making the admission or dictating the memorandum, which he claims plaintiffs manufactured, he is entitled to a new trial on the ground of newly discovered evidence and surprise; he producing affidavits of the persons named in the memorandum that they had not made payments to him; he not being bound to anticipate such evidence, and, so far as appears, having no acquaintance with the persons named in the memorandum, and having been denied a bill of particulars, and not having had possession of the books of the corporation; and this though he did not claim surprise at the trial and ask for an adjournment.

Appeal from City Court of New York, Special Term.

Action by William Seligman against Samuel Sivin and another. From an order denying a motion for new trial on the ground of newly discovered evidence and surprise, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Einstein, Townsend & Guiterman (Joseph J. Cunningham, of counsel), for appellants.

Israel P. J. Alderman, for respondent.

GILDERSLEEVE, J.   The action was brought to recover $445.69.   The case was submitted to a jury, who found for plaintiff. The defendants moved for a new trial on the grounds of newly discovered evidence and surprise. This motion was denied, and from the order entered on such denial defendants appeal.

The complaint alleges that on August 1, 1903, the defendants, for the account of one Eva Kaplan, received the sum of $445.69, which sum belonged to said Eva Kaplan; that thereafter it was agreed by and between the said Eva Kaplan and defendants that said Eva Kaplan would loan and advance said money, which was then in the possession of the defendants, to the defendants, who were to return to the said Eva Kaplan the said money upon demand; that the said Eva Kaplan has demanded the return of the said money, but that defendants refuse to return the same; and that before the commencement of the action the said Eva Kaplan, for value, assigned the said claim to the plaintiff, who is the owner thereof.   The answer is a general denial.   It appears that there was a certain corporation called the Columbian Match Company, in which the defendant Samuel Sivin, one Isaac Polley, and plaintiff's assignor, Eva Kaplan, were equally interested, each owning a one-third interest.   This corporation sold its assets to the Mutual Match Company, but the said Columbian Match Company retained for itself the bills receivable that were owing to it, and empowered the defendants to collect these accounts, to pay the debts of the company therefrom, and to divide the balance among the three parties interested, giving to each one-third of such balance.   The plaintiff claims that defendants collected $1,337.08 net balance after the payment of all debts, and repeatedly promised to pay to Eva Kaplan her share, amounting to the sum of $445.69, but have failed to keep such promise.   It is claimed also by plaintiff that an arrangement was first made by which defendants were allowed to retain the said sum for a little while as a loan, at the request of the defendant Samuel Sivin, but that a subsequent demand for payment was refused; and it is conceded that nothing has been paid on said claim, although payment has been duly demanded.   It is the contention of the defendants that Samuel Sivin collected only $521.34, and has paid debts to the extent of $426.61, leaving a balance of $94.73, which he has not distributed among the parties interested because other debts, exceeding said balance, still remain unpaid.   The other defendant does not appear to have acted any part either in collecting the accounts or paying the debts of said corporation.   Eva Kaplan and her husband swear, in contradiction to the above testimony of defendants, that Samuel Sivin admitted that he had collected a balance of $1,337.08, and to corroborate this evidence they produced a memorandum, which they swear was

dictated by said Sivin to the son of said Kaplans, setting forth the names of the persons from whom said Sivin had collected, and the various sums collected. The defendants deny the making of any such admissions or the dictating of any such memorandum, which they claim is a document manufactured by said Kaplans for the purposes of this action. It is the claim of the defendants that they were taken by surprise by this memorandum, and were unable to refute the same at the trial, as they did not know the names or addresses of the persons mentioned therein. They could, therefore, only deny the allegations of plaintiff's witnesses at the trial. Since the trial, however, they have obtained the affidavits of several of the people named in said memorandum to the effect that they never paid any money to defendants, but paid whatever was paid to Isaac Polley, who in turn swears that he did not pay the same over to defendants. Upon these and other affidavits they asked for a new trial. The court below, as appears from the opinion, thought that defendants must have been prepared for plaintiff's claim that defendants owed $445.69 to plaintiff, as assignee of Eva Kaplan, on money collected from customers of the Columbian Match Company, because of an affidavit of Eva Kaplan, made in opposition to a motion of defendants for a bill of particulars, which motion was denied. Upon this motion, it seems, defendants sought to obtain the names of the customers owing the said corporation from whom plaintiff claimed defendants had collected, and the respective amounts claimed to have been collected by them. At the trial, the memorandum Exhibit B was admitted in evidence under the objection and exception of defendants, but at no stage of the trial did the defendants claim surprise, or make any application for an adjournment to give them an opportunity to meet this evidence. They contented themselves, as we have seen, with objecting to the admission of the document as incompetent, and with denying that the same was ever dictated by said Sivin, or that any admissions were made by him to the effect that he had collected more than $521.34; and the defendants "took their chances," as the court below points out, "with the jury's verdict." Upon the motion for a new trial, as we have already said, the defendants presented affidavits from parties mentioned in Exhibit B directly contradicting the statements in Exhibit B, and tending to show the improbability of plaintiff's claim that the said memorandum was dictated by said Sivin. Had this new testimony been presented at the trial, the jury might have believed defendants in their denial of plaintiff's claim of an admission by Sivin that he had collected any such balance as $1,337.08. As plaintiff's case apparently rested upon the alleged admission and the memorandum, it seems clear that this alleged newly discovered evidence would have been material and competent, and might have changed the result. It is a very familiar rule that a party moving for a new trial on the ground of newly discovered evidence must show that the evidence could not have been procured before the trial by the exercise of due diligence. Biddescomb v. Cameron, 58 App. Div. 44, 68 N. Y. Supp. 568. Did the defendants, upon the motion under consideration, meet this re-

quirement? Should defendants have anticipated this evidence of plaintiff, and were they not taken by surprise? Was it their duty to be prepared to meet this memorandum, of the existence of which they deny all knowledge until it was produced at the trial? The exercise of reasonable diligence does not require a party to anticipate the introduction of manufactured evidence, and to be prepared to meet it on the trial; and if he is surprised by such evidence, and unable to meet it at the trial, the court may grant a new trial, and let in rebutting evidence subsequently discovered. Baylies on New Trials and Appeals (2d Ed.) p. 572. The consideration which influenced the court below in denying the motion was the failure of the defendants to claim surprise at the trial and ask for an adjournment to obtain rebutting evidence.

The defendant swears that he never had in his possession the books of account of the company, and, as we have seen, he was unsuccessful in an attempt to get a bill of particulars giving the names of the persons from whom plaintiff claims defendant collected money, or the various amounts claimed to have been paid by them. He had knowledge, it is true, before the trial, from the affidavit of Eva Kaplan in opposition to his motion for a bill of particulars, that plaintiff intended to prove a claim that he had collected a balance of $1,337.08 from customers of the said corporation. This knowledge, however, would scarcely warrant the conclusion that he should have anticipated the production of the said memorandum at the trial, and brought down to court the persons named therein to swear that he had not collected any money from them. As he had no books of the company or bill of particulars giving the names of the customers from whom plaintiff claimed he had collected, he may well have been, at the time of the trial, in ignorance of the evidence which he now desires to produce. He can hardly have been under the obligation of hunting up every customer of the corporation from whom he had not collected, and bringing them to court to meet the possibility of plaintiff claiming that he had collected from any one of them. While it might have been a better practice had defendant asked an adjournment on the ground of surprise, still it does not seem to us a fatal omission under the circumstances presented. So far as appears, he had no acquaintance then with the people whose affidavits he now produces, nor knowledge of exactly what they might or might not be willing to testify to. He knew he could put his denial against the plaintiff's evidence, and thought the jury might believe him. The fact that he "took his chances of the jury's verdict" does not, under the facts of this case, necessarily preclude him from an opportunity of offering his newly discovered evidence.

We are of opinion that the order must be reversed, and the motion granted, with $10 costs and disbursements. All concur.