### FLOCK v. KAUFMAN.

(Supreme Court, Appellate Term. December 20, 1907.)

1. COURTS—MUNICIPAL COURT—MOTION FOR NEW TRIAL.

Under Municipal Court Act, Laws 1902, p. 1563, c. 580, § 255, authorizing the court to grant or deny a motion for new trial on the ground of fraud or newly discovered evidence, it is not a ground of denial of such a motion that it was not made in five days after the trial.

2. NEW TRIAL—GROUNDS—PERJURY.

Plaintiff sued for goods sold and delivered by his assignor. The assignor testified that defendant owed him a balance on the goods, and that theretofore he had sold the claim to plaintiff, who owned the same. He also testified that the goods were sold on different dates, and that defendant himself took the goods away on the 3d, which was not the correct date; it being the 30th. *Held*, that the discrepancy in assignor's testimony, in that he first seemed to claim ownership of the cause of action

and afterwards said that he sold the claim to plaintiff, could not be characterized perjury, assignor apparently intending merely to state that the claim against defendant had not been paid; that the goods might have been sold at different dates and yet taken away by defendant at one time; that the statement that the goods were taken away on the 3d may well have been a mere unintentional mistake for the 30th; and that such discrepancies did not warrant a new trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 183.]

**3. SAME—NEWLY DISCOVERED EVIDENCE—DILIGENCE.**

The rule that, to warrant a new trial on the ground of newly discovered evidence, it must appear that the evidence could not have been procured before the trial by the exercise of due diligence, does not require a party to anticipate the introduction of manufactured evidence and to be prepared to meet it on the trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 214.]

**4. SAME—CUMULATIVE EVIDENCE—PROBABLE EFFECT.**

The mere fact that newly discovered evidence is cumulative is not sufficient ground for denying a motion for new trial, if the evidence is of such probative force that it would probably change the result.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 228.]

**5. SAME.**

Plaintiff sued for goods sold and delivered by his assignor. The assignor testified that the goods were taken away by defendant himself, who signed a receipt therefor, and that he saw defendant sign it. Defendant denied that he bought the goods or had any transaction with assignor subsequent to a date several days previous to the sale in question, except one, when he paid cash, and he denied that he signed the receipt. On verdict for plaintiff, defendant moved for a new trial on the ground of newly discovered evidence, which was that of a former employé of the assignor, who swore in his affidavit that he had been a bookkeeper for the assignor, that to the best of his knowledge defendant did not deal with the assignor subsequent to the date testified to by defendant, and that he himself did not make out any receipt. *Held*, that the newly discovered evidence was not of such a character that, if produced on the trial, it would probably have changed the result, and hence would not warrant a new trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 228.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Samuel Flock against Louis Kaufman. There was a verdict for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Joshua S. Shapiro, for appellant.
Isador Frankel, for respondent.

PER CURIAM. The defendant moved for a new trial on the ground of newly discovered evidence and alleged perjury on the part of plaintiff's assignor. The motion was denied, and the order denying said motion, from which defendant appeals, states that it was denied "on the ground that defendant did not make this motion in five days after the trial of this action." This particular ground for denying the motion is not tenable (Municipal Court Act, Laws 1902, p. 1563, c. 580, § 255); and, if the defendant has made out a proper case for a new trial, the order must be reversed.

The claim of perjury is founded upon certain alleged discrepancies in the testimony of the plaintiff's assignor. He testifies thus:

"Q. And he [defendant] now owes you a balance of $58.05? A. Yes. Q. Did you on the 8th day of January sell your claim to Samuel Flock [plaintiff]? A. Yes. Q. For how much? A. $45. Q. And Mr. Flock now owns this claim? A. Yes."

The alleged discrepancy, upon which defendant bases his claim of perjury, is that plaintiff's assignor first seems to claim ownership of the cause of action in himself, and immediately afterwards says he sold the claim to plaintiff. It seems to us that the testimony hardly warrants the characterization of perjury. The witness apparently misunderstood the first question, and intended merely to state that the claim against defendant had not been paid, and that defendant still owed $58.05 on said claim. Again he testifies:

"Q. Were those goods sold to him [defendant] all in one day, or on different dates? A. Different dates. Q. You say you delivered the goods? A. He came around with the wagon himself and took the goods. Q. Were you there when the goods were taken away? A. I gave them to him. Q. When was that? A. On the 3d of May, 1906."

It is evident that the goods might have been sold at different dates, and yet been taken away by defendant at one time. Also the statement that the goods were taken on the 3d of May may well have been a mere unintentional mistake for the 30th of May, which is conceded to be the correct date. We do not think these discrepancies in the testimony of plaintiff's assignor sufficient ground for granting a new trial. The court below must have observed these contradictions, and was in the best position to judge of the weight to be given to the witness' evidence.

The ground of newly discovered evidence is based on the claim that plaintiff produced a receipt at the trial, which defendant did not know existed, and that he could not prepare himself to meet it at the trial, and that he has since discovered evidence tending to contradict it or show it to be a forgery. The rule is that it must be shown that the evidence could not have been procured before the trial by the exercise of due diligence; but the exercise of reasonable diligence does not require a party to anticipate the introduction of manufactured evidence and to be prepared to meet it on the trial. If he is surprised by such evidence, and unable to meet it at the trial, the court may grant a new trial, and let in rebutting evidence subsequently discovered. Seligman v. Sivin, 46 Misc. Rep. 58, 61, 91 N. Y. Supp. 395. The motion, however, will not be granted if the evidence is merely cumulative and of such a character that, had it been given at the trial, it would probably not have changed the result, although the mere fact that the evidence is cumulative is not sufficient ground for denying the motion, if the evidence is of such probative force that it would probably change the result. Solowye v. Hazlett, 35 Misc. Rep. 197, 198, 71 N. Y. Supp. 486. The newly discovered evidence is, as we have seen, with regard to the receipt. If that evidence had been produced at the trial, would it probably have changed the result? Plaintiff sued for goods sold and delivered. The answer was a general denial. The plaintiff's assignor testified that on

May 30, 1906, he sold and delivered to defendant the goods specified by him for $158.05, and that $100 thereof were paid to him on account; that the goods were taken from plaintiff's assignor's store by defendant himself, who then signed a receipt therefor, which, so far as material, reads thus:

"Received goods.......................$158 05
                                       100
                                       ———
                          $ 58 05, balance due L. Kaufman."

Plaintiff's assignor swears he saw defendant sign this receipt. Defendant denies that he ever signed said receipt. He was required to sign his name on a piece of paper, and the court compared his signature with that on the receipt. Defendant denies that he bought the goods in suit, or had any transaction with the plaintiff's assignor subsequent to May 17th, several days previous to the sale in suit, except that in September he bought a lot of goods and paid cash for them. The alleged newly discovered evidence is that of one Klausner, a discharged employé of plaintiff's assignor, who swears in his affidavit, read on the motion, that he was bookkeeper for plaintiff's assignor for three years previous to June, 1906, and that "to the best of his knowledge" defendant did not deal with plaintiff's assignor subsequent to May 17, 1906, and that he himself did not make out any receipt. There is nothing to indicate that defendant could not have made and signed the receipt in question without the said Klausner's knowledge, while his testimony that "to the best of his knowledge" defendant did not deal with plaintiff's assignor subsequent to May 17th is not of such probative force that it would probably change the result of the trial, as there is no reason for supposing that he would necessarily have knowledge of any dealings between defendant and plaintiff's assignor that might have occurred between May 17 and May 30, 1906. The testimony of the defendant seems to have been halting, evasive, and unconvincing, and the learned court below, who had the parties before him and could observe their appearance and manner of testifying, would probably have reached the same conclusion, had the alleged newly discovered evidence been produced at the trial.

The order must be affirmed, with costs.