SOLOMON et al. v. ALEXANDER.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

1. NEW TRIAL (§ 105*) — GROUNDS — NEWLY DISCOVERED EVIDENCE — IMPEACHMENT.

Where, in an action for a deposit made on a contract for the sale of real estate, the court directed judgment for defendant on the ground that he believed his witnesses, a motion by plaintiff for a new trial on the ground of newly discovered evidence, based on the fact that a witness introduced by him, testifying as to the disposition of the property by the vendor after the purchaser had rejected the title, gave false testimony, could not be sustained.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 221; Dec. Dig. § 105.*]

2. NEW ·TRIAL (§ 131*) — GROUNDS—NEWLY DISCOVERED EVIDENCE — PROCEED-
INGS.
The court has no authority to. entertain an application for a new trial
for newly discovered evidence, based solely on affidavits, until after a
case and exceptions have been made and. settled.
[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 263; Dec.
Dig. § 131.*]

3. NEW TRIAL (§ 163*)—GROUND—MOTION—ORDER.
Under Gen. Rules of Practice, rule 31, an order granting a new trial,
except on exceptions taken during the trial, should state the grounds
of the motion and recite the grounds on which it was granted.
[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 330; Dec. Dig.
§ 163.*]

Appeal from Special Term, New York County.

Action by Morris Solomon and another against Sadie C. Alexander.
From an order granting a new trial after judgment for defendant, she
appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Prosper R. Ferrari, for appellant.
Louis J. Vorhaus, for respondents.

INGRAHAM, J. These plaintiffs brought this action to recover a
deposit made upon a contract for the sale of real estate and the ex-
penses of examining the title, alleging that plaintiffs were ready and
willing to perform, but that the defendant (vendor) did not tender
a good title to the real property contracted to be sold. The answer de-
nied the allegations that the plaintiffs. were ready and willing to fulfill
the contract, tendered the balance of the purchase price, and that the
defendant was unable to deliver to the plaintiffs a deed of the premi-
ses as required by the contract. At the trial the court announced a
judgment for the defendant, whereupon the plaintiffs moved for a
new trial on all the grounds mentioned in section 999 of the Code of
Civil Procedure, a section which applies only to an action at law tried
before a jury. Subsequently the court signed a decision which, after
finding the facts and conclusions of law, directed judgment for the
defendant, Alexander, upon the merits, and judgment was duly enter-
ed on the 4th of March in accordance with this decision,. and on the
11th of March the plaintiffs obtained an order. to show cause, returna-
ble at Special Term, Part 1, why the judgment should not be set aside
and vacated, and why an order should not be made and entered grant-
ing the plaintiffs a new trial, and restoring the case to the day calendar
of the court for trial.

There is no ground mentioned in this order to show cause why a
new trial should be granted. It was based upon affidavits, which al-
leged that the evidence of a· witness called by the plaintiffs was false
and untrue, specifying the particulars in which it was claimed the tes-
timony was false, and that plaintiffs had obtained knowledge upon that
subject from the statements made by an attorney at law, who had
represented third parties in a transaction in relation to this property
after the trial and entry of judgment. The contract in question
in this action was to have been closed on the 14th of June, 1906, but the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

closing was postponed until the 18th of June, 1906, when the plaintiffs made this alleged tender, but refused to accept the deed tendered by the defendant. The instance in relation to which this alleged false testimony was given related to a transaction at which a deed of the same property was delivered, on the 25th of June, 1906, eight days after the plaintiffs had rejected the title. Just what disposition the defendant made of the property eight days after the plaintiffs had rejected the title and the rights of the parties were fixed is not very apparent. According to the stenographer's minutes, which are annexed to this record, the trial court directed judgment for the defendant upon the ground that, as there were obvious contradictions in the testimony of the witnesses for the plaintiffs, the court believed the witnesses for the defendant, and therefore directed judgment for the defendant. The witness whose testimony was alleged to be false was called by the plaintiffs, and not the defendant, and his testimony apparently had no bearing upon the real question decided by the court upon the trial. So I think the order was unjustified upon the ground of newly discovered evidence.

No other ground is suggested in the affidavits, or anywhere else. None of the rules regulating applications of this kind were complied with. No case was made or settled in this action, and the motion, according to the order to show cause, was made solely upon affidavits. The court, therefore, had no authority to entertain the application until after a case and exceptions had been made and settled. Then rule 31 of the general rules of practice was ignored. That rule provides that when an order grants or refuses a new trial, except on the exceptions taken during the trial, it shall specify the grounds upon which the motion was made and the ground or grounds upon which it was granted. So far as appears, there was no ground upon which the motion was made, nor does the order recite any ground upon which it was granted. It is a novel proposition that, when a party calls a witness whose testimony does not suit him, he can, after the case is decided and judgment entered, find another witness who would furnish the testimony that he expected the witness he called to supply, and then get a new trial upon that ground.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.