ELIZABETH MARKERT, as Administratrix, etc., of JOSEPH L. MARKERT, Deceased, Respondent, *v.* LONG ISLAND RAILROAD COMPANY, Appellant.

First Department, December 1, 1916.

Motor vehicles — negligence — collision between automobile and railroad train at crossing — negligence of chauffeur of hired car — contributory negligence of decedent — burden of proof — new trial — newly-discovered evidence — testimony of witnesses in other action — cumulative evidence.

*Quære*, as to whether the negligence of a chauffeur driving a car for hire is imputable to the person who hired the car and who was killed by a train at a railroad crossing, if the route to be taken and the operation of the car were left entirely to the chauffeur.

In an action to recover for death so caused the burden of showing contributory negligence on the part of the decedent is on the railroad company, and it is error for the court to charge otherwise.

A defendant railroad company against which judgment has been rendered for the death of a person riding in a hired automobile based on the negligence of the defendant in failing to give notice that its train was approaching the crossing where the accident occurred by gong or any other signal, is entitled to a new trial upon the ground of newly-

discovered evidence where it appears that since the trial of the plaintiff's action the testimony of witnesses in another action, brought in a Federal court to recover for the death of another person who was killed in the same accident, showed that proper signals were given of the approach of the train, both by an automatic bell and by signals from the train itself, and that the chauffeur and the persons whom he was driving had been drinking heavily and that the automobile was driven in the night time without lights and that the approaching train could have been plainly seen from a point 100 feet from the crossing, and this is true although such new evidence is partly cumulative.

The strict rule as to newly-discovered cumulative evidence no longer obtains and a new trial may be granted if the evidence, though partly cumulative, is of such a character that it is likely to produce a different result on a new trial.

DOWLING, J., dissented.

APPEAL by the defendant, Long Island Railroad Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of July, 1915, denying defendant's motion to vacate the judgment herein and for a new trial upon the ground of newly-discovered evidence.

*John J. Graham,* for the appellant.

*Jeremiah A. O'Leary,* for the respondent.

LAUGHLIN, J.:

This is a statutory action to recover for the death of Joseph L. Markert alleged to have been caused by the negligence of the defendant in operating over its railroad track, between Mineola and Oyster Bay, a north-bound passenger train, which collided with an automobile going westward on the Jericho turnpike, on Long Island, at about eleven-twenty P. M. on the 10th day of July, 1913. The issues were tried at a Trial Term of the Supreme Court in New York county from the 9th day to the 12th day of December, 1913, and resulted in a verdict for the plaintiff in the sum of $11,500, upon which a judgment was entered; and from the judgment and an order denying defendant's motion for a new trial appeals were taken which were argued herewith (175 App. Div. 472).

The decedent and six companions hired an automobile at about ten P. M. at Glen Cove for a ride around the country and planned to return to the starting point about twelve or one

o'clock. Three of the party were sitting in the rear seat, the decedent being in the middle, and two others were sitting on the laps of those occupying the rear seat. The chauffeur sat on the front seat on the right and another of the party sat on the front seat on the left, and the other member of the party sat on his lap.

The evidence presented a close question of fact with respect to the freedom from negligence on the part of the chauffeur but the jury were not instructed with respect to whether or not his negligence would be imputable to the decedent, although counsel for plaintiff requested that the jury be instructed that negligence on the part of any other occupant of the automobile could not be imputed to the decedent. In the view we take of the case it is unnecessary to decide whether or not negligence on the part of the chauffeur would be imputable to the decedent; but it may be observed that the route to be taken and the operation of the car were left entirely to the chauffeur, and in those circumstances it is, at least, doubtful whether his negligence would be imputable to the decedent. (See *Richardson* v. *Van Ness,* 53 Hun, 267; *Little* v. *Hackett,* 116 U. S. 366; *Bennett* v. *New Jersey R. & T. Co.,* 36 N. J. L. 225; *New York, Lake Erie & W. R. R. Co.* v. *Steinbrenner,* 47 id. 161; *Donnelly* v. *Brooklyn City R. R. Co.,* 109 N. Y. 16; *Murray* v. *Dwight,* 161 id. 301; *Lewis* v. *Long Island Railroad Co.,* 162 id. 52.)

The burden of showing contributory negligence on the part of the decedent was on the defendant (Code Civ. Proc. § 841b; *Sackheim* v. *Pigueron,* 215 N. Y. 62), although the court erroneously instructed the jury that this burden rested on the plaintiff.

The negligence with which the defendant was charged was failure to give due notice by the crossing gong or by signal from the locomotive by whistle or bell of the approach of the train. There was a sharp conflict in the evidence with respect to those issues of negligence on the part of the defendant. On these issues testimony was given on the part of the plaintiff by the chauffeur and three members of the party of seven; and by two witnesses who were at the time of the accident about 200 yards from the crossing, one of whom, however, only

testified with respect to the operation of the crossing gong on former occasions; and another witness who was in his house between 450 and 500 feet from the crossing; and two who were sitting in front of a store and a garage on the side of the turnpike some 700 or 800 feet from the crossing; and on the part of the defendant by the engineer, fireman, conductor and a trainman who were on the train; and one who was awake in bed near the crossing; and by one who was about 1,100 or 1,200 feet from the crossing, driving along an avenue which intersected the Jericho turnpike; and by another who was in the yard of his premises between 500 and 600 feet from the crossing. On the part of the plaintiff another witness was called who gave testimony tending to show that the chauffeur was sober, and on cross-examination he testified that the crossing gong on the train being moved over the crossing after the accident operated properly, and on the part of the defendant one who was a civil engineer and also a photographer were called who gave testimony tending to show freedom of obstructions to the view of the approaching train from the highway to one approaching from the direction from which the automobile came, and by two witnesses who testified with respect to the operation of the crossing gong on the train being moved over the crossing after the accident.

On the motion for the new trial on the ground of newly-discovered evidence affidavits were presented tending to show diligence on the part of the defendant in endeavoring to obtain all material evidence for use upon the trial and sufficient to show that in the exercise of due diligence the newly-discovered evidence could not have been obtained for use upon the trial. The defendant also presented a transcript of the testimony of four witnesses given on the trial of an action in the District Court of the United States for the Southern District of New York on the 7th day of December, 1914, brought by Annie Boland as administratrix of Thomas F. Nolan, one of the party in the automobile who was likewise killed by the accident, which action was brought to recover for his death and in which the jury disagreed, and the deposition of one of them taken before he testified in the other action for the purpose of making this motion. The testimony of two of these witnesses had a mate-

rial bearing on the question of freedom from contributory negligence on the part of the chauffeur and on the part of the decedent, as it tended to show that the chauffeur and the members of the party had been drinking intoxicating beverages quite freely during the evening shortly before the accident, and the testimony of one of them tended to show that the crossing gong operated when the train was moved over it after the accident. Another of the witnesses, who was alone in an automobile approaching the crossing in the same direction from which the automobile which met with the accident approached it, and was passed by that automobile about 150 feet from the crossing, gave very material testimony on the trial of the action in the Federal court tending to show that the automobile approached the crossing negligently and without any lights and that the train with its headlight and cars lighted was in plain sight of the occupants of the automobile as they approached the crossing. So far as appears this witness was wholly disinterested and he was reluctant to give his testimony as appears by the fact that he refused to make an affidavit and the defendant was obliged to obtain an order for his examination. He was engaged prominently in the real estate business. In his deposition before the referee he testified more in detail than on the trial in the Federal court, and his testimony tends to show that some part of the train as it approached the crossing could be plainly seen at all times from a point within 100 feet of the crossing, and that the automobile had no light on the front or rear, and after passing him proceeded on at a rapid rate of speed without apparently changing its speed until the collision occurred, and that it was apparent to him as the automobile passed him that there would be a collision unless the automobile succeeded in getting across ahead of the train. The testimony of another of the witnesses on the trial in the Federal court, who also apparently was disinterested, shows that he had passed over the crossing just before the accident and that he heard the rumble of the train approaching and heard the bell, and that after passing over the crossing he heard the crossing gong just before the accident. The learned counsel for the respondent contends that this evidence in the main is cumulative in so far as it relates directly to the issues of negligence on the part of the defendant.

The strict rule with respect to cumulative evidence which was formerly applied on such applications no longer obtains, and it is now well settled that the rule with respect to cumulative evidence, to be applied on a motion for a new trial on the ground of newly-discovered evidence, whether the newly-discovered evidence is cumulative or not, is: "Is it of such a character that it is likely to produce a different result upon a new trial?" (See *Keister* v. *Rankin*, 34 App. Div. 288; *Kring* v. *N. Y. C. & H. R. R. R. Co.*, 45 id. 373; *McCreery Realty Corp.* v. *Equitable Nat. Bank*, 54 Misc. Rep. 508; affd., 123 App. Div. 358; *Solowye* v. *Hazlett*, 35 Misc. Rep. 197; Baylies N. T. & Ap. [2d ed.] 569.) The newly-discovered evidence is in part cumulative, but it cannot be said that it is *merely* cumulative; and applying the modern rule to the case at bar we are of opinion, particularly in view of the result of the trial in the Federal court, and in view of the fact that some of us regard the verdict as against the weight of the evidence, that the newly-discovered evidence if before the jury on the trial of the issues herein would probably have changed the result. It follows, therefore, that the order should be reversed and the motion granted; but, since the majority of the court are of opinion on the other appeal that the verdict is against the weight of the evidence, without costs.

CLARKE, P. J., McLAUGHLIN and PAGE, JJ., concurred; DOWLING, J., dissented.

Order reversed and motion granted, without costs.