MARGARET MOSAPP, Landlord, *v.* MARIE L. REDDY, Tenant.

Municipal Court of the City of New York, Borough of The Bronx, Second District, October, 1922.

**Landlord and tenant — summary proceedings — proposed purchaser to whom title has not yet passed cannot give notice to terminate tenancy — new trial — newly-discovered evidence directly contradicting landlord is ground for retrial — when delivery of deed to title company not delivery to grantee.**

The only question at issue in a summary proceeding by a landlord to recover possession of an apartment in the city of New York on the ground that she

desired the same for her personal use and occupation, was whether she was the owner of the premises on July 1, 1922, and the proof was that the deed of the premises was not delivered to her as grantee until July 3, 1922. *Held,* that she was not the landlord of the premises on July 1, 1922, and that a notice of election to terminate the tenancy served by her on that day was not in compliance with the statute (Laws of 1882, chap. 303, as amd. by Laws of 1920, chap. 209).

Where a monthly tenant in the city of New York holds over his term and the notice of the landlord's election to terminate the tenancy does not comply with the statute, summary proceedings to dispossess the tenant cannot be maintained.

The landlord testified that a contract for the sale of the property to her set the day of closing for July 5, 1922, all adjustments to be made as of July 1, 1922; that by mutual agreement the closing date was first changed to June 27, 1922, and then to June 30, 1922; that the closing was dependent upon her receiving money from the sale of other premises and that she received this money prior to June 30, 1922, at which time she was able to close the title to the property in question here. *Held,* that evidence tending to show a state of facts diametrically in conflict with the testimony of the landlord, of which the tenant had no knowledge until after the trial, was material, and a motion for a new trial on the ground of newly-discovered evidence made after a verdict in favor of the landlord, will be granted.

The delivery of a deed to an employee of a title company to hold until grantee pays purchase price is not a delivery to the grantee.

MOTION for new trial in summary proceeding to recover possession of apartment.

*H. Bennett Salomon,* for landlord.

*Craig & Craig,* for tenant.

ROBITZEK, J.   This proceeding came on for trial before this court and a jury.   The landlord sued for possession of an apartment occupied by the tenant, upon the ground that she desired the same for her personal use and occupation.   The tenant conceded the good faith of the landlord's demand.   The petition, among other averments, alleged that " at least thirty days before the expiration of the term aforesaid, there was served upon said tenant * * * a notice in writing * * * that the said landlord elected to terminate the said tenancy, and that unless the said tenant removed from said premises on or before the day on which said term expired, the landlord would commence summary proceedings under the statute to remove said tenant therefrom."   This allegation was essential.   Laws of 1882, chap. 303, as amd. by Laws of 1920, chap. 209.   If no such notice of the landlord's election to end the tenancy is given, such tenancies are deemed to continue for another month, and even under the Emergency Rent Laws removal proceedings may not be begun unless such notice has been given.

Upon the trial it was conceded that the notice referred to in the petition had been served on July 1, 1922, upon the tenant

within the time and in the manner prescribed by statute and alleged in the petition, and the only question at issue, as stated by the tenant's attorney, was whether or not the landlord herein was the owner of said premises on the 1st day of July, 1922, when the said notice was served.

The landlord testified that the contract of sale of this property was drawn on June 20, 1922, and was signed by August H. Sievers, as vendor, and Margaret Mosapp, as vendee; that the contract set the day of closing for July 5, 1922, all adjustments to be made as of July 1, 1922; that by mutual agreement, the closing date was moved forward from July 5, 1922, to June 27, 1922, and on that day adjourned to June 30, 1922, and that the closing of title was dependent upon Mrs. Mosapp receiving money from the sale of a different house to a Mrs. Christina Klein, and that she received this money prior to June 30, 1922, and was then able to close the title to the property in question. The jury rendered a verdict in favor of the landlord, and the tenant here asks for a new trial on the ground of newly-discovered evidence, claiming that upon leaving the court room on the day of trial, she was accosted by said Mrs. Christina Klein, who then informed the tenant and her attorney that the testimony given by the landlord " that she had received the money from her prior to the thirtieth day of June, was untrue, and that the money was given to her on the 3d day of July, 1922; that she had only drawn the money from the bank on the third of July, and that the landlord had requested her to appear in court to testify in her behalf, but when she informed the landlord that she would tell only the truth, that she did not give her the money until July third, Mrs. Mosapp informed this witness that she would not need her testimony, and that if she testified, the landlord would not have a leg to stand on."

The moving papers show all of these facts, and the landlord now contends that she was mistaken, and by affidavits of the attorneys for August H. Sievers, the vendor, and of an employee of the Title Guarantee and Trust Company, who represented her in the transfer of these premises, contends that the necessary adjustments involved in the closing of title were made on June thirtieth, but that it was discovered on that date that Mrs. Mosapp did not bring the amount of cash, and that then the deed was delivered to the employee of the title company, who gave Mr. Sievers a receipt that " he was holding the same pending the payment of the sum of $7,271 to the said Sievers by Mrs. Mosapp, and that upon said payment the deed was to be recorded," and that the title company issued its policy to Mrs. Mosapp, dated June 30, 1922, but this deed was not recorded until July tenth.

It does not follow from the fact that the grantee's representative has possession of the deed there has been a delivery of the instrument, for the receipt shows it came into the title company's hands without any intent on the part of the grantor to make a delivery until the payment of the money. See *Dietz* v. *Farish*, 44 N. Y. Super. Ct. 190. There is no delivery to the grantee where a deed is given to a third person for safekeeping, and such a delivery will not be effectual unless it is made in such a way that the grantor parts with all control over the instrument, and the giving of the deed to the title company's employee to hold until payment is made by the grantee did not operate as a delivery to the grantee.

Summary proceedings cannot be maintained against a monthly tenant in the city of New York who holds over his term where the notice of the landlord's election to terminate the tenancy has not been complied with as required by the statute. *Hedden* v. *Nederburg*, 25 Misc. Rep. 722. And the statute provides that " the landlord or his agent shall serve upon the tenant the notice."

The delivery of the deed to Mrs. Mosapp being on July third, she was not the landlord of these premises on July first, and, therefore, the notice she served on July first was not in compliance with the statute.

I regard the evidence of Mrs. Klein as material, and it is of such a character that it would be likely to produce a different result on a new trial. *Markert* v. *Long Island R. R. Co.*, 175 App. Div. 467. The fact that she was in court was unknown to the tenant until the trial, and then the tenant did not know what she would testify to, and hence was justified in not calling her. The failure of the tenant to discover what Mrs. Klein would testify to until after the trial had taken place is fully explained and excused, and from the facts I am satisfied that the tenant or her attorneys could not have found this witness sooner by any diligence on their part. Ordinary diligence with respect to discovering the evidence before or at the trial only is required, and the court possesses inherent power to grant such a motion where the ends of justice require it even though a technical compliance with these requirements be not shown. *Keister* v. *Rankin*, 34 App. Div. 288; *Klinger* v. *Markowitz*, 54 id. 299; *Henson* v. *Lehigh Valley R. Co.*, 117 N. Y. Supp. 199; affd., 134 App. Div. 955. And the probative force of the newly-discovered evidence is only considered in determining whether it is probable that the result would be different on a new trial. *Rosenthal* v. *Bell Realty Co.*, 53 Misc. Rep. 265. In the case at bar I am of the opinion that the tenant has shown a substantial compliance with these requirements, but

if she had not, the case is one in which the interest of justice requires a new trial. The newly-discovered evidence is material, and although impeaching in its nature, it has probative force in that it shows a state of facts diametrically opposed to the testimony of this landlord.

This motion for a new trial must, therefore, be granted. Settle order accordingly.

Ordered accordingly.