EMANUEL SUKEN, Plaintiff, *v.* MORTIMER D. METCALFE, Defendant.

City Court of the City of New York, May, 1924.

Trial — new trial — motion by defendant for new trial on ground of surprise and newly-discovered evidence — evidence could have been discovered before trial by exercise of due diligence — party not entitled to new trial where he fails to show that evidence which he will submit on new trial will change ultimate result — failure to claim surprise at time of trial and request adjournment or move to withdraw juror constitutes bar.

It is settled law that to entitle a party to a new trial on the ground of perjury, or on the ground of surprise, the party must plead the surprise at the time of the trial, and must request an adjournment or move to withdraw a juror, and must show that the evidence which he will submit on a new trial will change the ultimate result in the case.

Accordingly, a motion by the defendant for a new trial on the ground of surprise and newly-discovered evidence will be denied where the defendant fails to produce such evidence which is convincing to the court that it is not cumulative and that a different result would be had on a new trial, where the facts stated in the affidavits submitted on the motion could have been readily obtained before the trial, and where the defendant failed to plead surprise on the trial and request an adjournment or move to withdraw a juror.

MOTION by defendant for an order setting aside a judgment heretofore granted in favor of plaintiff and for a new trial.

*Sydney D. Robins,* for the plaintiff.

*Ernest G. Metcalfe,* for the defendant.

FINELITE, J.  This is a motion made by the defendant for an order setting aside a judgment heretofore rendered in favor of the plaintiff against the defendant and for a new trial herein upon the ground that upon the former trial of this action the plaintiff's assignor testified falsely upon a material issue raised by the defendant's answer and that the defendant was taken by surprise by said testimony.  It appears further from the facts herein that the defendant also moves for a new trial on the ground of newly-discovered evidence and on the further ground that the defendant was surprised by the testimony given by the plaintiff's assignor.  The action was tried on the 16th day of January, 1924, and resulted in a verdict in favor of the plaintiff by direction of the court.  The action is predicated upon a promissory note made by the defendant to the order of the plaintiff's assignor to secure the payment of the sum of $1,600, and the defendant paid on account thereof the sum

of $152.28. The defendant by his answer admits that on the 6th day of May, 1921, he executed and delivered his promissory note to secure the payment of the aforesaid sum, with interest thereon at the rate of six per cent per annum, and to pay the principal thereof six months after the said date; that said note, as executed, was delivered to one Oliver L. Badger, the assignor of the plaintiff herein, and that the said Badger caused to be organized a corporation known as the Radio Times Service Company, Inc., of which the said Badger caused himself to be elected vice-president and general manager, and employed the defendant herein as sales manager thereof at a fixed salary, payable in installments; that about the month of July, 1921, the defendant stated to the said Badger that he would be unable to continue as sales manager of the said Radio Times Service Company, Inc., unless the said company paid the arrears in salary due and owing to the defendant, and would thereafter pay defendant for his services in accordance with the agreement made between himself and the said Badger, on behalf of the Radio Times Service Company, Inc. ; that thereupon the said Badger promised and agreed that if the defendant would continue to work for and act as sales manager for the said Radio Times Service Company, Inc., the said Badger would cancel and consider paid so much of the balance then remaining due on said promissory note as would equal the salary which the said Radio Times Service Company, Inc., then owed to the defendant, and that the said Badger further agreed that he would credit the defendant with payment on said note of all further amounts due the said Badger by defendant equal to the salary due from the said Radio Times Service Company, Inc., to the defendant herein, and the defendant agreed not to lay any claim against the said Radio Times Service Company, Inc., for compensation as agreed for said sums; that relying upon the said agreement the defendant herein continued to act as sales manager for the said corporation and performed services until about the 1st day of December, 1921; that there was due and owing to the defendant for salary a certain sum, but he admits that he did pay on account of said note, as held by the plaintiff's assignor, the sum of $152.28, as evidenced by the payments indorsed on the back of said promissory note. The defendant called Mr. Badger as his witness in an attempt to prove his employment by the corporation, and not being satisfied with his evidence and unable to prove that the said defendant was employed through said Badger as sales manager for said corporation, the defendant continued the trial nevertheless and attempted to prove that a certain resolution was passed by said corporation wherein and whereby he was so retained. The motion now made

by the defendant for a new trial on the ground of newly-discovered evidence is merely impeaching or contradictory of the former evidence, and, furthermore, that it could have been discovered before the trial by the exercise of due diligence. *People* v. *Eng Hing & Lee Dock,* 212 N. Y. 373; *People* v. *Priori,* 164 id. 459. The defendant has submitted a number of affidavits, some sworn to and some unsworn to, upon this motion, for the purpose of showing, if possible, that such a resolution was passed, wherein and whereby the said Badger was authorized to engage the defendant as such sales manager, and also was permitted to enter into such an engagement. It is settled law that to entitle a party to a new trial on the ground of perjury, or on the ground of surprise, the party must plead the surprise at the time of the trial, and must request an adjournment or move to withdraw a juror, and must show that the evidence which he will submit on a new trial will change the ultimate result in the case; and upon the failure to ask for such an adjournment or for leave to withdraw a juror he is not entitled to a new trial upon the ground of surprise. *Phenix* v. *Baldwin,* 14 Wend. 62. But this rule is not inflexible and has been departed from where a reliance on statements made by plaintiff's counsel before the trial has occasioned the surprise. A defendant who is surprised by evidence which he is not prepared to rebut, in order to be entitled to a new trial on the ground of surprise, must move for an adjournment or for leave to withdraw a juror as aforesaid, unless it appears that he has placed reliance upon statements made by the plaintiff's counsel before the trial. Baylies N. T. (3d ed.) 857, 858. It has further been held to be elementary that if the defendant did comply with the above rule, claiming his surprise upon the trial, and asked for the withdrawal of a juror, the evidence to be offered upon the new trial must be such that a different result would be had and that it would not be cumulative. But in this aspect the defendant utterly fails to produce such evidence which is convincing to the court that it is not cumulative and that a different result would be had on a new trial. As was stated in the case of *Rubenfeld* v. *Rabiner,* 33 App. Div. 374, which was an action for personal injuries and which resulted in a judgment for the defendant, the appellate court in affirming the judgment and the order denying a motion for a new trial stated on page 377: " *   *   *   Nor was the plaintiff entitled to a new trial upon the ground of newly-discovered evidence. The affidavits show that this evidence tended merely to impeach or contradict the defendants' witnesses. But they also show that even this evidence was quite accessible. The plaintiff's counsel looked for it just as soon as he saw the necessity for having it, and it was immediately and readily procured   *   *   *" and

# 134 SUKEN v. METCALFE.

on page 378, " * * * If the plaintiff's counsel upon the offer of the defendants' evidence, or after it was put in, had made known his predicament to the learned judge, doubtless he would have been relieved. An adjournment might have been granted or leave given to withdraw a juror. But nothing of the kind was requested. There was no suggestion of surprise. The counsel relied upon his affirmative proof, and seemingly took his chances upon the ruling of the court. The rule is well settled that a plaintiff who is surprised by evidence which he is not prepared to rebut should move for an adjournment or leave to withdraw a juror; otherwise he is not entitled to a new trial on the ground of surprise [citing Baylies New Trials, paragraph 531, and cases there cited]. * * * It is true that this rule is not inflexible, as where reliance is placed upon statements made by the defendant's counsel before the trial. Unfortunately for the plaintiff, however, nothing whatever is here shown to justify a departure from the general rule " And as stated in the case of *Van Tassell* v. *New York, etc., R. Co.*, 1 Misc. Rep. 312, by Bishop, J.: " It appears, therefore, that defendant must of necessity have been aware of the existence of the alleged newly discovered evidence long before the trial, and that it was not introduced on the trial, was manifestly due to an impression or belief that it was unnecessary for the purposes of the defense. The subsequent discovery of their importance does not make the train books and documents newly discovered evidence. [Citing cases therein.] Neither does it appear that the defendant was ' surprised ' on the trial by the failure of the witnesses King and William H. Van Tassell to testify to the identity of the car upon which plaintiff claimed to have been injured * * *. If the defendant was 'surprised' in any sense in respect to the testimony of these two witnesses, it was not because defendant or its counsel were misled by any person, but because they assumed that the witnesses knew more than it transpired that they did know." And, at page 313, the court further said: " Besides, it appears without contradiction, that no application for postponement of the trial was made either on the ground of the inability to produce the documentary evidence, now alleged to be newly discovered, or because of the lack of sufficient preparation by counsel for the purposes of the defense, or disappointment at the refusal of defendant's witnesses, King and William H. Van Tassell, to testify to the facts necessary to establish the identity of the cars. Hence, defendant must be assumed to have voluntarily proceeded with the trial, and to have consented to the submission of the facts in dispute to the jury on the evidence presented." See, also, *Postal Telegraph Company* v. *City of Jamestown*, 187 N. Y. Supp. 491, where Woodward, J., said (on p.

492): " This evidently referred to the matter now urged as newly dis-
covered evidence, but the essential characteristic of newly discov-
ered evidence is evidence which was unknown at the time of the
pleading or trial, and which has come to light since that time.
A thing cannot be newly discovered which is already fully known.
The defendant knew about this evidence at the time it put in
its answer * * *. New trials are granted because of newly
discovered evidence, for the purpose of giving to a party the
benefit of evidence of which he was unaware at the time of the
pleadings or trial, not for the purpose of permitting a defendant to
needlessly drag out a controversy." See, also, *Keister* v. *Rankin*, 34
App. Div. 288, 291, where it was said: " The rule to be applied to
such newly-discovered evidence, whether cumulative or not, is ' Is it
of such character that it is likely to produce a different result upon
a new trial? ' " And, as stated in the case of *Frohlich* v. *Zeltzer*,
185 App. Div. 103, 109: " * * * The effect of those decisions
is that ordinarily it must appear that the evidence was not and could
not have been discovered in the exercise of reasonable diligence
before trial, that it is material and not merely cumulative or of an
impeaching character in the sense of affecting credibility only as
distinguished from having probative force by showing a different
state of facts and that on a new trial it would probably change
the result (*Bonynge* v. *Waterbury*, 12 Hun, 534; *Thompson* v. *Welde*,
27 App. Div. 186; *Keister* v. *Rankin*, 34 id. 288; *Hess* v. *Sloane*,
47 id. 585; *Klinger* v. *Markowitz*, 54 id. 299) * * * and the
probative force of the newly-discovered evidence is only considered
in determining whether it is probable that the result would be
different on a new trial." See, also, *Solomon* v. *Alexander*, 128
App. Div. 441, which was an action brought to recover a deposit
on a contract of real estate. The judgment was entered in favor
of the defendant, and the plaintiff made a motion at Special Term,
Part I, for a new trial on the ground that the evidence of a witness
called by the plaintiff was false and untrue. As stated in that case
by Ingraham, J. (at p. 442): " * * * The witness whose testi-
mony was alleged to be false was called by the plaintiff and not
the defendant, and his testimony apparently had no bearing upon
the real question decided by the court upon the trial." And that
the court further states (at p. 443): " It is a novel proposition
that when a party calls a witness whose testimony does not suit him
he can, after the case is decided and judgment entered, find another
witness who would furnish the testimony that he expected the
witness he called to supply and then get a new trial upon that
ground." The facts stated in the affidavits submitted upon this
motion could have been readily obtainable before the trial; but as

the defendant failed to comply with the settled law in such cases, to wit, to plead surprise on the trial and ask for the withdrawal of a juror, the motion must, therefore, be denied.

Settle order on one day's notice.

Ordered accordingly.