DAWN W. SCHUYLER, Respondent, *v.* MAUD BLAIR NOTTINGHAM, Appellant.

Fourth Department, June 27, 1929.

*George W. O'Brien,* for the appellant.

*Chapman, Newell & Crane* [*Harry E. Newell* of counsel], for the respondent.

PER CURIAM. On the trial plaintiff called twenty-one witnesses. With the exception of the witness Jones, none of them swore to any facts which were not as compatible with innocence as with guilt. With only those facts to meet, defendant could well have argued and the jury might well have found that the relationship between defendant and Schuyler was one merely of business and incidental social intercourse.

Jones testified: (a) To an incident which he said occurred at a certain meeting of directors on December 21, 1921. The innuendo was that defendant and Schuyler, by prearrangement, went to Rochester together; (b) also to two different occasions when he saw defendant and Schuyler in defendant's automobile, parked at the roadside, with Schuyler's arm around defendant; (c) also to a number of occasions when he saw Schuyler come out of defendant's residence as late as two o'clock in the morning and to one such occasion when he saw them embrace and kiss each other on the front porch; (d) also to an occasion fixed at nine-thirty o'clock on the morning of August 25, 1923, when he saw defendant and Schuyler come out of a hotel at New Milford, Penn. " She had an overnight traveling bag, and he had a traveling bag, and they got in the car and drove away south."

That much was made of this testimony in counsel's address to the jury may not be doubted. That it weighed heavily with the trial judge is apparent from his charge. Occasions b, c. and d were specifically referred to and the jury was told, quite properly, that such conduct went beyond the bounds of ordinary business and social intercourse. That the jury gave it credence and weight is clear from their verdict of $15,000. The judgment and order entered thereon have been affirmed by this court and permission to appeal has been denied both by this court and by the Court of Appeals. (See 225 App. Div. 725; Id. 787.)

Evidence gathered by defendant since the trial and not, within reason, available at the time of the trial, persuasively tends to show that this testimony of Jones, particularly as to occasions a and d, was deliberately falsified. Moreover, as to occasion d, it now appears that the hotel register, which defendant vainly tried to get during the trial after Jones had testified, was then in the

possession of plaintiff's counsel. Had there been anything in it even remotely incriminating, we may fairly assume that it would have been offered in evidence. The clear implication of Jones' testimony on this point was that defendant and Schuyler had passed the night together in the hotel. It is not to be doubted that the sole purpose of the testimony was to carry that implication to the court and jury. We must assume, therefore, that counsel was willing to permit that implication to be drawn, knowing that the hotel register, hidden from defendant, did not support it. That, as we think, evidences an undue, if admirable, faith in the probity of Jones.

The rules which guide the discretion of the court on a motion for a new trial strictly on the ground of newly-discovered evidence apply only in part to a motion based on such facts as appear here. If it is reasonably clear that injustice has resulted without fault, and if there is a reasonable probability that a new trial will remedy it, the test has been met. Without discussion of other points involved, we think that such is the case here.

The order appealed from should be reversed, with costs to the appellant to abide the event, and the motion should be granted, with costs to abide the event.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Order reversed, with costs to appellant to abide the event, and motion for a new trial granted, with costs to appellant to abide the event.