MAX SCHNUR, Plaintiff, v. PINCUS COHEN and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Second District, September 12, 1934.

*Leo Fox*, for the plaintiff.

*Irving R. Cohen* [*George W. Whiteside* of counsel], for the defendants.

SULZBERGER, J. The defendant Cohen moves to set aside the verdict on the ground of newly-discovered evidence. The action, according to the indorsement on the summons, was for money loaned on November 15, 1933. This date is repeated in plaintiff's

bill of particulars. On the trial the date was amended to November 15, 1928. The *plaintiff* repeatedly and unequivocally denied any loan of the amount claimed. On the contrary, with a show of assumed righteous indignation, he testified that the money was given for the purpose of obstructing the administration of justice. He claimed that the occurrence took place shortly after one Radin was served with process in an action to recover broker's commission. With obvious reluctance but in a pretended spirit of transcendent charity, he acquiesced in his counsel's characterization of the transaction as a loan. The strategy is now perfectly apparent. For the purpose of avoiding a dismissal *sua sponte* on the ground of illegality, he was willing to call it a loan. For the purpose of wrongfully influencing the jury, he told them, " I didn't lend it, I gave it for a purpose." He gave it, to quote his own language, " to fix up the case." In this atmosphere, a credulous jury found that plaintiff loaned the money to defendant Cohen.

Documentary evidence gathered by defendant Cohen since the trial demonstrates that the suit in question was not against Radin but against the Alpine Drug Company, with which Radin was connected; and that it was tried in November, 1926. In other words, the transaction upon which plaintiff's case is predicated did not take place in 1933, or in 1928 as plaintiff testified, but in 1926; and is clearly barred by the Statute of Limitations.

Plaintiff does not pretend to dispute this evidence. He resists this motion by raising certain questions of law only.

The first point is that in the exercise of reasonable diligence the defendant should have discovered the foregoing documentary evidence in time for use at the trial. The complaint and bill of particulars did not serve the purpose of tendering and limiting the real issue to be tried. Neither the correct date nor the occasion of the alleged loan was furnished. These documents, ordinarily calculated to inform and enlighten, served no useful purpose. If anything, they had the effect of misleading and entrapping the defendants. The very simplicity of the plaintiff's claim rendered preparation difficult. The hardship in this case is emphasized when we take into account the fact that plaintiff himself denied making any such loan to the defendants. In the circumstances, the point is untenable. The rule requires reasonable diligence and not prophetic ken. (*Frohlich* v. *Zeltzer*, 185 App. Div. 103; *Collins* v. *Central Traction Co.*, 229 id. 363; *Mosapp* v. *Reddy*, 119 Misc. 438.)

The second point is not well taken either. The newly-discovered evidence is not merely of an impeaching character, in the sense of affecting credibility only; it establishes a different state of facts.

It identifies the transaction and fixes the time as of November, 1926. To such claim the defense of the Statute of Limitations is fatal. The newly-discovered evidence, in addition to impeaching the plaintiff, contradicts the gravamen of plaintiff's case. It exposes the vulnerable point which plaintiff successfully concealed up to the time of this motion. Such evidence is ample to warrant the granting of a new trial. (*Frohlich* v. *Zeltzer, supra; Hess* v. *Sloane,* 47 App. Div. 585; *Hymen* v. *Dworsky,* 239 id. 413; *Blood* v. *Colby,* 236 id. 537; *Keister* v. *Rankin,* 34 id. 288.)

It is suggested that the Statute of Limitations was not set up as a defense to this action and, therefore, should not be considered. Furthermore, it is argued that this motion should be denied because defendant's counsel failed to move for a postponement of the trial or to withdraw a juror for surprise. Under the peculiar facts and circumstances of this case, I hold that the failure to plead the statute is excusable; and that at the trial the defendants had no ground whatever to move for a postponement or a mistrial. In the circumstances, defendant Cohen is not precluded from making this motion for a new trial. (*Keister* v. *Rankin, supra; Nugent* v. *Metropolitan Street R. Co.,* 46 App. Div. 105; *Harago* v. *Commonwealth Bank,* 136 Misc. 735.)

It is urged that plaintiff's perjury was not established beyond a reasonable doubt. In civil, as distinguished from criminal cases, a plaintiff is not required to prove any fact by more than a preponderance of evidence. (*McKeon* v. *Van Slyck,* 223 N. Y. 392.) It is true that, with respect to the date of the alleged loan, plaintiff testified that he was not certain and that he did not remember. That does not necessarily relieve plaintiff's testimony from the stigma of perjury. It still remains for the trier of the facts to say whether plaintiff willfully testified falsely to a material fact, when he testified that he did not remember the date of the alleged transaction. (*People* v. *Doody,* 172 N. Y. 165.)

In my opinion the defendant Cohen has brought himself within the rules which guide the discretion of the court on a motion for a new trial on the ground of newly-discovered evidence. But, after all, rules of law are intended to serve and not to frustrate the ends of justice. As far back as 1861, in *Platt* v. *Munroe* (34 Barb. 291, 294), the court said: " the books are full of exceptional cases, in which the development of truth and the promotion of substantial justice have been deemed sufficient reasons for granting new trials, although they were not within any former precedent, and consequently not within the operation of any principle or rule established for the guidance of courts in the exercise of their discretion." (See to the same effect *Schuyler* v. *Nottingham,* 226 App. Div. 591;

*Kring* v. *New York Central & H. R. R. R. Co.*, 45 id. 373; *Cleven* v. *Interborough Rapid Transit Co.*, 143 Misc. 594; and *Harago* v. *Commonwealth Bank, supra.*)

Motion granted. Submit order specifying the grounds on which the motion was made and the grounds on which it was decided (Rules Civ. Prac. rule 224); and setting the case down for trial on a specified date. (Mun. Ct. Code, § 129.)